OPINION
{¶ 1} Defendant-appellant, The JAS Group, Ltd. ("JAS"), appeals from the judgment of the Franklin County Court of Common Pleas denying JAS's motion for relief from a default judgment in favor of plaintiffs-appellees, Rebecca E. Miller and Otis E. *Page 2 
Miller (collectively, "plaintiffs"). For the following reasons, we reverse the trial court's judgment and remand this matter for further proceedings.
 {¶ 2} This action arises out of injuries that Rebecca Miller sustained on September 13, 2000, when she fell in the threshold of a unit that plaintiffs rented in a self-storage facility (the "facility") in Whitehall, Ohio. On September 12, 2002, plaintiffs filed their complaint against seven named defendants, including JAS, and various Doe defendants in the Franklin County Court of Common Pleas, asserting claims of negligence, negligence per se, gross negligence, nuisance, strict liability, and loss of consortium. Plaintiffs alleged that the defendants were liable for failing to properly design, construct, inspect, operate, and/or maintain the facility in a reasonably safe condition and in compliance with the Ohio Basic Building Code ("OBBC").
 {¶ 3} In their only allegations specific to JAS, plaintiffs alleged that JAS contracted with Golden Giant, Inc., a co-defendant, for the construction of the facility, which JAS formerly owned. JAS admits that it contracted for the construction of the facility in 1995 and operated the facility until July 1998, when it sold the facility to Storage USA, Inc., a co-defendant in this action.
 {¶ 4} The clerk of court's initial attempt to serve JAS with plaintiffs' complaint failed, and the certified mail envelope was returned to the clerk, marked "Undeliverable As Addressed Forwarding Order Expired." Plaintiffs subsequently requested service on JAS by certified mail at a different address, and service was completed on January 9, 2003.
 {¶ 5} On March 13, 2003, plaintiffs filed a motion for default judgment against JAS. The trial court granted plaintiffs' motion as to liability on April 21, 2003, and *Page 3 
referred the matter to a magistrate for a damages hearing. JAS was not served with plaintiffs' motion for default judgment, the trial court's entry granting default judgment as to liability or the trial court's order of reference for a damages hearing. On July 8, 2003, at plaintiffs' request, the trial court vacated the damages hearing.
 {¶ 6} On February 3, 2005, having reached a settlement, plaintiffs voluntarily dismissed their claims against all defendants other than JAS and requested a damages hearing with respect to their default judgment against JAS. On February 8, 2005, the trial court issued an order of reference, rescheduling a damages hearing before a magistrate for March 23, 2005. Plaintiffs did not serve JAS with their notice of dismissal and request for a damages hearing, and the trial court did not serve JAS with its order of reference. Having no notice of either the default judgment or the damages hearing, JAS did not appear, and the magistrate conducted the damages hearing in JAS's absence.
 {¶ 7} On September 26, 2005, the magistrate filed her decision on damages, finding that Rebecca Miller was entitled to compensatory damages of $80,000 and that Otis Miller was entitled to compensatory damages of $10,000, for a total of $90,000 in damages against JAS. The magistrate's decision indicates that it was mailed to JAS's correct address. Despite numerous filings with respect to plaintiffs' claims against other defendants, including an amended complaint, this was the first document copied to or served on JAS in over two years. On October 20, 2005, the trial court issued a decision adopting the magistrate's decision and instructing plaintiffs to submit an appropriate judgment entry. The trial court's decision also indicates that it was mailed to JAS's correct address. On November 28, 2005, the trial court filed a judgment entry, *Page 4 
journalizing the $90,000 default judgment against JAS, but it did not serve JAS with the judgment entry.
 {¶ 8} On August 31, 2006, JAS filed a motion for relief from the default judgment pursuant to Civ.R. 60(B)(1). JAS argued that, upon receipt of plaintiffs' complaint and upon advice of legal counsel, it immediately faxed a copy of the complaint to its insurance agent for submission to JAS's liability insurer. JAS claimed that its insurance company never informed JAS that it was not representing JAS to defend plaintiffs' claims. Additionally, JAS argued that it only became aware of the default judgment in July 2006 upon receipt of a Title Commitment relating to a property it was attempting to sell. Plaintiffs opposed JAS's motion for relief from judgment, arguing that JAS failed to satisfy the requirements for Civ.R. 60(B) relief.
 {¶ 9} On June 29, 2007, the trial court issued a decision and entry denying JAS's motion for relief from judgment, but did not serve its decision and entry on JAS. On August 2, 2007, the trial court issued an amended decision and entry, identical in substance to its June 29, 2007 decision, and sent a copy to JAS's counsel. JAS filed a timely notice of appeal from the denial of its motion for relief from judgment.
 {¶ 10} JAS presents two assignments of error for our review:
 ASSIGNMENT OF ERROR #1:
 The Trial Court abused [its] discretion in holding that [JAS] is not entitled to relief from [j]udgment where the uncontroverted evidence demonstrates that a copy of the Complaint was delivered to [JAS's] insurance agent in a timely fashion to notify [its] insurance company to provide a defense under [its] insurance policy in effect at the time of [plaintiff's] alleged injury. *Page 5 
 ASSIGNMENT OF ERROR #2:
 The Trial Court abused [its] discretion in holding that [JAS] failed to present any evidence or argument as to any meritorious claims or defenses in [its Civ.R. 60(B)] Motion for Relief from Judgment.
Because both assignments of error relate to the trial court's denial of JAS's motion for relief from judgment, we address them together.
 {¶ 11} A Civ.R. 60(B) motion for relief from judgment is addressed to the sound discretion of the trial court, and we will not disturb the trial court's ruling absent an abuse of discretion. Griffey v.Rajan (1987), 33 Ohio St.3d 75, 77; Moore v. Emmanuel Family TrainingCtr, Inc. (1985), 18 Ohio St.3d 64, 66. An abuse of discretion involves more than an error of law or judgment; it connotes an attitude that is unreasonable, arbitrary or unconscionable. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 219.
 {¶ 12} Pursuant to Civ.R. 55(B), a trial court may set aside a default judgment in accordance with Civ.R. 60(B). As relevant here, Civ.R. 60(B) provides:
 On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order or proceeding for the following reasons: (1) mistake, inadvertence, surprise or excusable neglect; * * * or (5) any other reason justifying relief from the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken. * * *
To prevail on a motion for relief from judgment, the movant must demonstrate that:
 * * * (1) [T]he party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken. *Page 6 
GTE Automatic Elec, Inc. v. ARC Industries, Inc. (1976),47 Ohio St.2d 146, paragraph two of the syllabus.
 {¶ 13} The three GTE requirements are independent, and a court may not grant Civ.R. 60(B) relief if the movant fails to satisfy any one of them. Id. at 151; Strack v. Pelton, 70 Ohio St.3d 172, 174,1994-Ohio-107. However, the law favors disposition of cases by a trial on the merits, and courts should resolve doubt, if any, as to the establishment of a meritorious defense or a ground for relief in favor of the movant. Coover Constr. Co., Inc. v. Johnson (Aug. 24, 1982), Franklin App. No. 82AP-305, citing Colley v. Bazell (1980),64 Ohio St.2d 243. The Supreme Court of Ohio has also observed that "`[m]atters involving large sums should not be determined by default judgments if it can reasonably be avoided.'" Colley at 249, fn. 5, quoting Tozer v.Charles A. Krause Milling Co. (C.A.3, 1951), 189 F.2d 242, 245. Bearing in mind these principles and the requirements for Civ.R. 60(B) relief, we turn to the trial court's decision denying JAS's motion.
 {¶ 14} In its decision, the trial court discussed each of the threeGTE requirements in turn. The court first found that JAS submitted evidence that arguably satisfied the excusable neglect standard. Specifically, the court noted evidence that JAS submitted plaintiffs' complaint to its insurance agent upon learning of this action. However, the court questioned the reasonableness of JAS's subsequent failure to follow up with its insurance provider as to the status of the case over the following two years. The court also questioned the timeliness of JAS's motion, considering indications in the record that the magistrate's decision on damages and the trial court's decision adopting the magistrate's decision were served on JAS approximately ten months before JAS *Page 7 
moved for relief. Ultimately, however, the court did not determine whether JAS established excusable neglect or whether it filed its motion within a reasonable time. Rather, it found that, even assuming establishment of excusable neglect and timeliness, JAS failed to assert a meritorious defense to plaintiffs' claims. Specifically, the trial court stated:
 * * * [A]t no point does [JAS] express how it would defend itself against [plaintiffs'] claims. [JAS] offers no evidence as to why the judgment was erroneous beyond the fact that it was not present or represented, and [JAS's] suggestions of unfairness offer no proof as to why the judgment would be different if relief was granted.
(Emphasis sic.)
 {¶ 15} Because the trial court denied JAS's motion for relief from judgment based solely on its finding that JAS failed to present a meritorious defense, we begin our analysis with the first prong of theGTE test. Under Civ.R. 60(B), a movant's burden is only to allege a meritorious defense, not to prevail on the merits thereof.Moore at 67. "[A] proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint." Amzee Corp. v. ComericaBank-Midwest, Franklin App. No. 01AP-465, 2002-Ohio-3084, ¶ 20, citingThe Pool Man, Inc. v. Rea (Oct. 17, 1995), Franklin App. No. 95APG04-438.
 {¶ 16} Neither a general denial in an answer nor a conclusory statement that the movant has a meritorious claim or defense to present is sufficient to satisfy the first prong of the GTE test. NewarkOrthopedics, Inc. v. Brock (1994), 92 Ohio App.3d 117, 122; Jordan v.Sitosky (Jan. 24, 1991), Cuyahoga App. No. 57913. Rather, "the movant must allege supporting operative facts with enough specificity to allow the court to decide that the movant has a defense he could have successfully argued at trial." *Page 8 Mattingly v. Deveaux, Franklin App. No. 03AP-793, 2004-Ohio-2506, ¶ 10, citing Elyria Twp. Bd. of Trustees v. Kerstetter (1993),91 Ohio App.3d 599, 602. This standard does not impute an evidentiary burden upon the movant beyond requiring that the material submitted sets forth operative facts of the defense. Billiter v. Winship (Sept. 28, 1993), Franklin App. No. 93AP-176.
 {¶ 17} As the trial court correctly noted, each of plaintiffs' claims for relief was factually premised on allegations that the defendants failed to properly design, construct, inspect, operate, and/or maintain the self-storage facility in a reasonably safe condition and/or in compliance with the OBBC. In support of its motion for relief from judgment, JAS claimed that it did not design or construct the facility and was not responsible for inspecting the facility's construction. JAS presented evidence that, having sold the facility to Storage USA, Inc. in July 1998, it had not owned, operated or maintained the facility for more than two years prior to Rebecca Miller's fall. In affidavits from its two members, John W. Messmore and Scott Blackwell, JAS also offered evidence that the facility's design was a "uniform design used throughout the United States" and that the system used to construct the facility was "a uniform, universal nationwide system." (Blackwell Affidavit, ¶ 4; Messmore Affidavit, ¶ 3.) Furthermore, JAS claimed that Storage USA was responsible for the facility's operation and maintenance at the time of Rebecca Miller's accident; Golden Giant, Inc., as general contractor, built the facility; and the City of Whitehall hired Benatech Associates to inspect the facility and to issue appropriate permits.
 {¶ 18} Upon review of the material submitted in support of JAS's motion, we find that the trial court's summary conclusion that JAS failed to express how it would defend *Page 9 
against plaintiffs' claims constitutes an abuse of discretion. In making that conclusion, the trial court ignored JAS's factual contentions regarding its lack of involvement in the design, construction, and inspection of the facility, its identification of the parties responsible for each of those activities, and its sale of the facility to Storage USA more than two years prior to Rebecca Miller's fall. Such facts speak directly to plaintiffs' first claim for relief, which alleges negligence arising out of the design, construction, inspection, and/or maintenance of the facility in a reasonably safe condition.
 {¶ 19} Plaintiffs aptly recognize that a Civ.R. 60(B) movant must do more than make bare allegations that it is entitled to relief and a meritorious defense to present. See Bright v. Family Medicine Found.,Inc., Franklin App. No. 05AP-835, 2006-Ohio-5037, ¶ 22 (affidavit from movant's counsel stating his belief that movant had several meritorious defenses held insufficient to satisfy first GTE requirement). Plaintiffs also correctly argue that neither JAS's motion nor affidavits contradict plaintiffs' allegation that the facility did not comply with the OBBC's requirements regarding thresholds. However, we reject both of plaintiffs' arguments as bases for denying JAS's motion for relief from judgment.
 {¶ 20} Here, JAS does not rely on a conclusory statement that it has a meritorious defense to present should relief be granted, nor does JAS rely on a blanket denial of liability, as in an answer containing a general denial. Rather, JAS's memorandum and affidavits set forth operative facts that are reasonably related to the circumstances and claims for relief set forth in plaintiffs' complaint and that, if proven, could defeat one or more of plaintiffs' claims. See AmzeeCorp. at ¶ 21. Additionally, the absence of facts disputing plaintiffs' claim of an OBBC violation is not fatal to JAS's *Page 10 
motion. First, contrary to plaintiffs' allegations, a violation of the OBBC does not constitute negligence per se. Chambers v. St. Mary'sSchool (1998), 82 Ohio St.3d 563, 568. Moreover, even if the facts set forth by JAS fail to state a defense to those claims specifically stemming from an alleged OBBC violation, a movant need not demonstrate complete meritorious defenses to all of the plaintiffs' claims to be entitled to relief from judgment; "it suffices that a meritorious defense, either partial or complete, is raised." (Emphasis added.)Amzee Corp. at ¶ 21.
 {¶ 21} In Syphard v. Vrable, 141 Ohio App.3d 460, 464, 2001-Ohio-3229, the Seventh District Court of Appeals found that a movant for Civ.R. 60(B) relief satisfied the first prong of the GTE test where she alleged that she could defend a judgment as to the amount of damages, even though she failed to allege a defense as to the validity of the judgment in its entirety. Likewise, in Oberkonz v. Gosha, Franklin App. No. 02AP-237, 2002-Ohio-5572, this court found the first GTE requirement satisfied where the movant alleged a defense as to the amount of the plaintiff's damages in a negligence action, although she did not allege a defense as to liability. Similarly, the fact that JAS set forth no facts to contradict plaintiffs' assertion of an OBBC violation does not evidence a failure to demonstrate a meritorious defense sufficient to warrant Civ.R. 60(B) relief where JAS alleged facts supporting a defense to other claims.
 {¶ 22} Here, JAS alleged supporting facts with enough specificity to establish a defense it could have successfully argued at trial with respect to one or more of plaintiffs' claims for relief. Accordingly, we find that the trial court abused its discretion in summarily determining that JAS failed to demonstrate a meritorious defense and in *Page 11 
denying JAS's motion for relief from judgment on that basis. Therefore, we sustain JAS's second assignment of error.
 {¶ 23} Having determined that JAS did not establish a meritorious defense, the trial court did not decide whether JAS satisfied the remaining GTE requirements, and we do not decide those issues for the first time on appeal. See Frankart v. Frankart, Seneca App. No. 13-02-39, 2003-Ohio-1662, ¶ 15 (because the trial court did not address the other requirements of Civ.R. 60[B], "[o]ur review of this judgment * * * is limited to whether the trial court abused its discretion in determining that [the movant] had not demonstrated that she was entitled to relief under Civ.R. 60[B][1]"). Because JAS's first assignment of error concerns the existence of excusable neglect, which the trial court did not decide, we overrule JAS's first assignment of error as moot.
 {¶ 24} Having determined that the trial court abused its discretion in denying JAS's motion for relief from judgment for failure to establish a meritorious defense, we overrule JAS's first assignment of error as moot, sustain JAS's second assignment of error, and reverse the judgment of the Franklin County Court of Common Pleas. While we express no opinion on whether JAS should ultimately prevail on its Civ.R. 60(B) motion, we remand this matter to the trial court to decide JAS's motion after determining whether JAS has satisfied the remaining requirements for the requested relief.
Judgment reversed and cause remanded with instructions.
BROWN and DESHLER, JJ., concur.
DESHLER, J., retired of the Tenth Appellate District, assigned to active duty under authority of Section 6(C), Article IV, Ohio Constitution. *Page 1