[Cite as *Morana v. Foley*, 2015-Ohio-5254.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

---

JOURNAL ENTRY AND OPINION
**No. 102572**

---

## CECILIA MORANA

PLAINTIFF-APPELLEE

vs.

## JASON W. FOLEY

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-14-834723

**BEFORE:** Celebrezze, A.J., McCormack, J., and Boyle, J.

**RELEASED AND JOURNALIZED:** December 17, 2015

**ATTORNEY FOR APPELLANT**

Monica E. Russell
McFadden, Freeburg Co., L.P.A.
6690 Beta Drive, Suite 320
Mayfield Village, Ohio 44143


**ATTORNEY FOR APPELLEE**

Mark Rodio
Frantz Ward L.L.P.
200 Public Square, Suite 3000
Cleveland, Ohio 44114

FRANK D. CELEBREZZE, JR., A.J.:

{¶1} Appellant, Jason Foley, brings this appeal from the denial of his motion for relief from cognovit judgment in favor of appellee, Cecilia Morana. Foley argues the court erred in denying his motion because he had a meritorious claim or defense, that the judgment was barred by res judicata, and a hearing was required. After a thorough review of the facts and appropriate law, this court affirms the decision of the trial court.

## I. Factual and Procedural History

{¶2} In January 2001, Foley and Morana were involved in a fight that Morana alleged left her with significant injuries. In 2002, Morana filed suit against Foley seeking to recover for injuries sustained during the fight. According to Foley's motion, the case eventually settled and was dismissed by the trial court in 2004, but the dismissal was contingent on the execution of a settlement agreement. Morana avers that Foley did not make any payments under this 2004 settlement even though it called for an immediate $20,000 payment. In 2005, the parties executed a formal settlement agreement. The terms required Foley to pay to Morana $25,000 immediately, $325.00 per month for five months, and then 20 percent of his after-tax monthly income until $300,000 was paid. Foley also executed a cognovit note for $300,000. Foley began making payments in compliance with the agreement, although Morana alleges that most payments constituted only partial amounts due. As of November 2014, Foley alleges that he paid a total of $129,075.

**{¶3}** On October 23, 2014, Morana filed the confession of judgment obtained with the cognovit note and a judgment was entered against Foley in the amount of $197,899. On December 31, 2014, Foley filed a motion for relief from judgment. After briefing, the trial court denied the motion without hearing and this appeal followed where Foley raises three assignments of error:

> I. Foley alleged operative facts demonstrating meritorious defenses to Morana's complaint. The trial court abused its discretion when it denied Foley's motion for relief from the October 23, 2014 judgment.

> II. Morana previously obtained judgment against Foley for $225,000.00 pursuant to the 2004 judgment entry. The trial court abused its discretion when it denied Foley's motion for relief from the October 23, 2014 judgment, as Morana is precluded from obtaining a second judgment related to the same claims by the doctrine of res judicata.

> III. It was an abuse of discretion for the trial court to deny appellant Jason Foley's motion for relief from judgment without a hearing.

## II. Law and Analysis

### A. Standard of Review

**{¶4}** Generally, Civ.R. 60(B) requires that the satisfaction of three elements are necessary for the vacation of a final judgment. *GTE Automatic Elec. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), paragraph two of the syllabus. Movants must show they have a meritorious claim or defense, they satisfy one of the grounds stated in Civ.R. 60(B)(1) through (5), and the motion was made within a reasonable time. *Id.* However, relief from a cognovit judgment is analyzed with a more lax standard. *Medina Supply Co. v. Corrado*, 116 Ohio App.3d 847, 689 N.E.2d 600 (8th Dist.1996).

"Because the judgment debtor is not afforded notice or the opportunity to answer the complaint prior to the entry of a cognovit judgment, the judgment debtor is not required to show entitlement to relief under one of the specific grounds listed under Civ.R. 60(B)." *Home S&L of Youngstown v. Snowville Subdivision Joint Venture*, 8th Dist. Cuyahoga No. 97985, 2012-Ohio-4594, ¶ 17. Here, the motion was filed approximately two months after the entry of judgment. The parties do not dispute that this was within a reasonable time. Therefore, the only issue of consequence is whether Foley alleged a meritorious defense.

{¶5} This court reviews the trial court's decision granting or denying a motion for relief from judgment for an abuse of discretion. *Strack v. Pelton*, 70 Ohio St.3d 172, 174, 637 N.E.2d 914 (1994). An abuse of discretion is connoted by a decision that is unreasonable, arbitrary or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983). The law favors resolution of disputes on their merits, so courts should resolve doubt as to the establishment of a meritorious defense or a ground for relief to a cognovit judgment in favor of the moving party. *Peter M. Klein Co. v. Dawson*, 10th Dist. Franklin No. 10AP-1122, 2011-Ohio-2812, ¶ 9.

### B. A Meritorious Defense

{¶6} Foley argues he has three meritorious defenses. First, he claims he signed the 2005 settlement agreement and cognovit note under duress. He also argues that the amount due under the note was significantly inflated. Finally, in his second assignment

of error, he asserts that res judicata prevents Morana from obtaining a second judgment regarding the same subject matter as the previously dismissed case.

{¶7} Movants must support their alleged defense with operative facts sufficiently specific to allow a court to judge the merits of the defense. *Miller v. Susa Partnership, L.P.*, 10th Dist. Franklin No. 07AP-702, 2008-Ohio-1111, ¶ 16. "A proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint." *Home S&L of Youngstown* at ¶ 18, citing *Miller* at ¶ 15.

### 1. Duress

{¶8} Duress may be a defense to a contractual obligation where the party seeking to avoid the contract was subjected to improper threats that deprived that person of any reasonable alternative but to assent to the terms of the person making the threat. *Blodgett v. Blodgett*, 49 Ohio St.3d 243, 551 N.E.2d 1249 (1990); *Tallmadge v. Robinson*, 158 Ohio St. 333, 109 N.E.2d 496 (1952). Successful claims for avoidance of an obligation based on duress have three elements in common: "'''(1) that one side involuntarily accepted the terms of another; (2) that circumstances permitted no other alternative; and (3) that said circumstances were the result of coercive acts of the opposite party.'''" (Emphasis deleted) *Blodgett* at 246, quoting *Urban Plumbing & Heating Co. v. United States*, 408 F.2d 382, 389-390, (U.S. Ct. of Cl.1969), quoting *Fruhauf S.W. Garment Co. v. United States*, 111 F. Supp. 945, 951 (U.S. Ct. of Cl.1953).

{¶9} Foley's motion for relief alleges that he was forced to sign the cognovit note and settlement agreement because Morana threatened criminal prosecution if he did not. A defense of duress may be based on threats of criminal prosecution. *Ins. Co. v. Hull*, 51 Ohio St. 270, 37 N.E. 1116 (1894); Restatement of the Law 2d, Contracts, Section 176(b) (1981). However, Foley's duress argument fails based on the facts of this case.

{¶10} First, Foley does not explain why he made payments under the agreement for almost a decade without ever raising any allegation of duress. In a different case, an affidavit raising threats of criminal prosecution may be sufficient to warrant a hearing on the validity of the contract, but here Foley operated under the agreement for nearly a decade before raising any suggestion of duress. The failure to timely assert such a defense severely weakens the allegation in the motion for relief. When combined with Morana's affidavit that no such threats were made, the trial court was on solid ground in disregarding this allegation as a valid defense. This is especially true where Foley claims the duress was created by Morana's alleged threat to seek criminal charges unless he signed the cognovit note. The statute of limitations for assault ran after six years. R.C. 2901.13. Foley offers nothing to indicate why he continued to pay Morana for almost four years after the threat of criminal prosecution passed.

{¶11} Additionally, duress is denoted by a compulsion that leaves no alternative but to assent to the terms offered by the person making the threat. *Blodgett,* 49 Ohio St.3d at 246, 551 N.E.2d 1249. Morana asserts that Foley actually bargained for changes between the 2004 outline of a settlement and the 2005 settlement agreement. He

negotiated a reduction in the amount of monthly payments. This is hardly characteristic of a party whose will is overcome by an improper compulsion. The trial court did not abuse its discretion in rejecting this argument.

## 2. Erroneous Amount of Judgment

{¶12} Foley also argues that the amount of the judgment was inflated by $100,000 and even if it was not, he still owed less than the amount of the judgment. Foley points out that the journal entry of settlement disposing of the case in 2004 required only $225,000 in total payments to Morana. According to Foley's arguments, the terms of this settlement entry and the final settlement agreement signed in 2005 differ and the 2004 settlement outline should control.

{¶13} The settlement entry included a general outline of the terms of the agreement. This outline called for Foley to make a $20,000 payment immediately, followed four months later by a $5,000 payment. Foley was also to pay Morana $325 a month for 18 months beginning on December 1, 2004. Finally, following those payments, Foley would pay 20 percent of his earnings to Morana monthly until Morana received a total of $225,000.

{¶14} The final settlement agreement executed in 2005 called for a similar payment schedule, but consolidated the two lump sum payments into one $25,000 payment, increased the total amount due to $325,000, and clarified Foley's monthly payments by calculating the amount due based on his after-tax earnings. The amount was increased, but Foley's monthly payments decreased. The only contract between the

parties is the 2005 settlement agreement signed by Foley that reflects a total amount due of $325,000. The settlement entry disposing of the case clearly contemplated execution of a formal agreement. Foley's argument that the 2004 journal entry of settlement could constitute the agreement of the parties is unavailing given the formal settlement agreement signed by both parties.

**{¶15}** Foley also argues that even if he must abide by the formal settlement agreement, the judgment amount is still greater than what is owed. He asserts, without any support, that he owes $195,925 rather than $197,899.

**{¶16}** Foley's affidavit indicates that "as of November 2014, I have paid [Morana] a total of $129,075." However, the judgment against him was taken on October 23, 2014. Foley did not provide any indication that he did not owe Morana $197,899 at the time judgment was entered. Therefore, the trial court did not err in rejecting this argument as a valid defense.

### 3. Res Judicata

**{¶17}** Foley's first and second assignments of errors commingle. Foley separately assigns as error that Morana is prevented from obtaining what he classifies as a second judgment regarding the same subject matter as the previous civil case.

**{¶18}** "Res judicata is a doctrine of judicial preclusion." *E.B.P., Inc. v. 623 W. St. Clair Ave., L.L.C.*, 8th Dist. Cuyahoga No. 93587, 2010-Ohio-4005, ¶ 36. "It states that '[a] valid, final judgment rendered upon the merits bars all subsequent actions based upon any claim arising out of the transaction or occurrence that was the subject matter of the

previous action.'" *Id.*, quoting *Grava v. Parkman Twp.*, 73 Ohio St.3d 379, 653 N.E.2d 226 (1995), paragraph one of the syllabus.

**{¶19}** This case does not involve the same claim as the earlier dispute. It involves Foley's breach of a settlement agreement. A claim that a party breached a settlement agreement is not barred by res judicata. *Buck v. Pine Crest Condo. Assn. Grp. D-E-F*, 8th Dist. Cuyahoga No. 97861, 2012-Ohio- 5722, ¶ 23. Foley signed a contract where he agreed to make certain payments to Morana to settle the earlier dispute. Foley breached that agreement. The present claim for breach is an independent basis for the judgment obtained by Morana. The court case also contemplated a formal settlement agreement, which was finally executed in 2005. Therefore, res judicata does not bar a judgment in this matter and Foley is not entitled to have the judgment entered against him vacated.

**{¶20}** The trial court did not err in denying Foley's motion where res judicata did not offer a valid defense in this case.

## C. Failure to Hold a Hearing

**{¶21}** Finally, Foley argues the court erred when it denied his motion for relief without first holding a hearing.

**{¶22}** Where parties set forth sufficient operative facts demonstrating they have a valid claim or defense to a cognovit judgment, the court must hold a hearing. Conversely, "when a motion for relief from judgment lacks allegations of operative facts justifying relief from judgment, an evidentiary hearing is not required." *Blatt v. Meridia Health Sys.*, 8th Dist. Cuyahoga No. 89074, 2008-Ohio-1818, ¶ 9, citing *Coleman v.*

*Cleveland School Dist. Bd. of Edn.*, 8th Dist. Cuyahoga Nos. 84274 and 84505, 2004-Ohio-5854, ¶ 79, citing *Weiss, Inc., v. Pascal*, 8th Dist. Cuyahoga No. 82565, 2003-Ohio-5824.

{¶23} "'Where the movant's motion and accompanying materials fail to provide the operative facts to support relief under Civ.R. 60(B), the trial court may refuse to grant a hearing and summarily dismiss the motion for relief from judgment * * *.'" *Saponari v. Century Limousine Serv., Inc.*, 8th Dist. Cuyahoga No. 83018, 2003-Ohio-6501, ¶ 9, quoting *Bates & Springer, Inc. v. Stallworth*, 56 Ohio App.2d 223, 228, 382 N.E.2d 1179 (8th Dist.1978).

{¶24} Here, Foley's motion does not allege operative facts justifying relief sufficient to trigger the trial court's obligation to hold a hearing. As set forth above, the motion asserts a defense of duress without explanation as to why that argument was not previously raised. Foley did not demonstrate that the amount of the judgment was incorrect. Finally, res judicata does not bar the judgment entered in this case. "[B]ecause [the movant] has the burden of proof and is not automatically entitled to a hearing, good legal practice dictates that the movant must do all that he can to present allegations of operative facts to demonstrate that he * * * has a valid defense." *Adomeit v. Baltimore*, 39 Ohio App.2d 97, 103, 316 N.E.2d 469 (8th Dist.1974). Here, Foley's motion fails to offer sufficient grounds substantiating that he has a meritorious defense to Morana's claim.

**{¶25}** Therefore, the trial court did not err when it ruled on Foley's motion without holding a hearing.

### III. Conclusion

**{¶26}** The trial court did not err in denying Foley's motion for relief from judgment without holding a hearing. Foley failed to allege operative facts that would entitle him to relief when the facts that were alleged are viewed in the overall context of the case.

**{¶27}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

---

FRANK D. CELEBREZZE, JR., ADMINISTRATIVE JUDGE

TIM McCORMACK, J., and
MARY J. BOYLE, J., CONCUR