[Cite as *Willow Bend Townhomes II, LP v. Koster*, 2026-Ohio-569.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Willow Bend Townhomes II, LP, | : | |
| Plaintiff-Appellee, | : | No. 25AP-160 |
| | | (M.C. No. 2024 CVG 32991) |
| v. | : | |
| | | (REGULAR CALENDAR) |
| Warren Koster, | : | |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on February 19, 2026

**On brief:** *Willis Law Firm LLC, William L. Willis, Jr., Dimitrios G. Hatzifotinos, Solomon J. Parini*, and *Travis A. Malinowski*, for appellee. **Argued:** *Solomon J. Parini.*

**On brief:** *Warren Koster*, pro se. **Argued:** *Warren Koster.*

APPEAL from the Franklin County Municipal Court

JAMISON, J.

{¶ 1} Defendant-appellant, Warren Koster, appeals from the January 16, 2025, judgment of the Franklin County Municipal Court denying his motion for relief from judgment. For the following reasons, we affirm the judgment of that court.

## I. FACTS AND PROCEDURAL HISTORY

{¶ 2} On July 25, 2024, plaintiff-appellee, Willow Bend Townhomes II, LP ("Willow Bend"), filed an action in forcible entry and detainer in the trial court, alleging that Koster was in material breach of the lease agreement. At the eviction hearing on August 19, 2024, the parties entered into an agreed entry. Paragraph No. 4 of the agreed entry states, "[Koster] agrees to strictly comply with the lease agreement. [Koster] will keep his animal restrained at times when [Willow Bend] needs access to the apartment after providing 24 hour notice." (Aug. 20, 2024 Agreed Entry at ¶ 4.) The agreement further

provided that "[i]f [Koster] fails to comply as agreed, [Willow Bend] may submit an affidavit detailing the failure and shall be granted judgment for restitution of the premises and immediate set out." *Id*. at ¶ 7.

{¶ 3}    On November 7, 2025, property manager for Willow Bend, Nancy Arriola, filed an affidavit alleging that Koster breached paragraph No. 4 of the agreed entry's terms and conditions.    Specifically, the affidavit alleged that Koster failed to recertify in compliance with the Low-Income Housing Tax Credit ("LIHTC") requirements set forth in the lease agreement.  The affidavit also alleged that Koster refused to allow the landlord entry into the apartment after the landlord provided 24 hours' advance notice.  Based on Arriola's affidavit, the trial court entered judgment for restitution of the premises the following day, with "[i]mmediate [s]et [o]ut." (Emphasis deleted.)  (Nov. 8, 2024 Entry.)

{¶ 4}    On November 14, 2024, Koster filed a Civ.R. 60(B) motion for relief from judgment, alleging two meritorious defenses.  First, he asserted that he did not deny the landlord entry, nor did he unreasonably withhold consent for Willow Bend to enter.  Second, because the lease attached to the complaint lacked terms specifying LIHTC recertification requirements, he maintained that Willow Bend could not claim that he failed to strictly comply with the lease, as required by the agreed entry, by failing to properly recertify.

{¶ 5}    The trial court held a hearing on December 3, 2024.  At the hearing, Arriola testified that she posted a 24-hours' notice on Koster's door stating that preventive maintenance was needed in his unit.  Arriola further explained that, upon notifying Koster that maintenance workers intended to enter his unit, he told her that no one could enter because he "wasn't able to take [his] dog out of the apartment that day." (Dec. 3, 2024 Tr. at 23.)  Arriola also testified that Koster had not properly recertified in accordance with LIHTC requirements because he failed to submit all the required documents.

{¶ 6}    Koster testified that, after receiving the 24-hours' notice, he spoke with Arriola and told her that preventive maintenance could not enter his apartment that day.  Instead, he asked to reschedule because he would not be able to take his dog out of the apartment.  He denied ever refusing Arriola entry into his apartment.  Koster further testified that he fully complied with the lease, including LIHTC recertification requirements, by submitting the required documents.

{¶ 7} The trial court denied Koster's Civ.R. 60(B) motion in a judgment entered on January 16, 2025. The trial court found Koster failed to sufficiently allege a meritorious defense for each purported violation of the agreed entry that formed the basis of the judgment in favor of Willow Bend.

{¶ 8} Koster now appeals from the January 16, 2025 judgment.

## II. ASSIGNMENTS OF ERROR

{¶ 9} Koster assigns the following three assignments of error for our review:

> 1. The trial court erred in finding [Koster] denied landlord entry, as no evidence showed an attempt or unreasonable withholding, violating ORC 5321.05(B) and Civ.R. 60(B) standards.
>
> 2. The trial court erred in finding LIHTC non-compliance without a lease provision, violating due process and Civ.R. 60(B) standards.
>
> 3. The trial court abused discretion by denying Civ.R. 60(B) relief, ignoring meritorious defenses of compliance and [appellee]'s bad faith.

(Sic passim.)

## III. STANDARD OF REVIEW

{¶ 10} When reviewing a trial court's decision to grant or deny a motion for relief from judgment under Civ.R. 60(B), we apply an abuse of discretion standard. *Wiltz v. Ohio Accountancy Bd.*, 2016-Ohio-8345, ¶ 35 (10th Dist.). An abuse of discretion occurs when a court's judgment is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983). "A trial court's discretion under Civ.R. 60(B) is quite broad." *Haynes v. Ohio Dept. of Rehab. & Corr.*, 2005-Ohio-5099, ¶ 7 (10th Dist.), citing *Pittsburgh Press Co. v. Cabinetpak Kitchens of Columbus, Inc.*, 16 Ohio App.3d 167, 168 (10th Dist. 1984). Our role is to determine whether the trial court abused its discretion, not whether we might have reached a different result. *Id.*, citing *Wilmington Steel Products, Inc. v. Cleveland Elec. Illum. Co.*, 60 Ohio St.3d 120, 122 (1991).

## IV. LEGAL ANALYSIS

### A. First Assignment of Error

{¶ 11} In his first assignment of error, Koster asserts that the trial court erred in denying his motion for relief from judgment under Civ.R. 60(B) by improperly concluding

that he failed to present a valid Civ.R. 60(B) meritorious defense to the allegation that he failed to restrain his dog when Willow Bend sought entry to his apartment.  We disagree.

{¶ 12} To prevail on a Civ.R. 60(B) motion for relief from judgment, the movant must satisfy a three-prong test.  The movant must demonstrate: (1) it has a meritorious defense or claim to present if relief is granted; (2) it is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time and, when relying on a ground for relief outlined in Civ.R. 60(B)(1), (2), or (3), it filed the motion not more than one year after the judgment, order, or proceeding was entered or taken.  *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.  There will be no relief if the movant fails to satisfy any one of the prongs of the *GTE Automatic* test.  *Strack v. Pelton*, 1994-Ohio-107, ¶ 10.

{¶ 13} Under the first prong of the *GTE Automatic* test, a movant must demonstrate that the party has a meritorious defense (or claim) to present if relief is granted.  *GTE Automatic* at paragraph two of the syllabus.  Pursuant to Civ.R. 60(B), a movant's burden is only to allege a meritorious defense (or claim), not to prevail on the merits of the alleged defense (or claim).  *Miller v. Susa Partnership, L.P.*, 2008-Ohio-1111, ¶ 15 (10th Dist.), citing *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 67 (1985).

{¶ 14} "[A] proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint." *Amzee Corp. v. Comerica Bank-Midwest*, 2002-Ohio-3084, ¶ 20 (10th Dist.), citing *The Pool Man, Inc. v. Rea*, 1995 Ohio App. LEXIS 4577, *4-5 (10th Dist. Oct. 17, 1995).  To obtain relief from judgment under Civ.R. 60(B), a movant must do more than make a bare allegation that it has a meritorious defense to present if relief is granted.  *Miller* at ¶ 19, citing *Bright v. Family Medicine Found., Inc.*, 2006-Ohio-5037, ¶ 22 (10th Dist.).  A movant need not prove that it would prevail on its defense, but " 'must allege supporting operative facts with enough specificity to allow the court to decide that the movant has a defense that he could have successfully argued at trial.' "  *Ellison v. K 2 Motors, L.L.C.*, 2023-Ohio-1871, ¶ 27 (10th Dist.), quoting *Mattingly v. Deveaux*, 2004-Ohio-2506, ¶ 10 (10th Dist.).

{¶ 15} Here, Koster has not shown a meritorious defense to the claim that he did not restrain his dog when Willow Bend properly notified him that it needed entry to his

apartment. The agreed entry explicitly states, "[Koster] agrees to strictly comply with the lease agreement. [Koster] will keep his animal restrained at times when [Willow Bend] needs access to the apartment after providing 24 hour notice." (Aug. 20, 2024 Agreed Entry at ¶ 4.) Thus, the agreed entry imposes a mandatory obligation on Koster to allow Willow Bend to enter his apartment and to keep his animal restrained when Willow Bend needs access, provided that Willow Bend gives Koster 24 hours' advance notice.

{¶ 16} Koster admitted to denying Willow Bend entry to the apartment and, instead, attempting to reschedule entry, even after 24-hours' notice was provided, because he would not be able to take the dog out of the apartment. This admission shows that Koster failed to comply with the mandatory obligations outlined in the agreed entry. Because Koster was required to abide by those obligations, it is irrelevant whether he offered reasonable alternative dates for Willow Bend to enter the apartment. The agreed entry makes clear that Koster must allow Willow Bend entry and that the dog must be restrained when Willow Bend needs access to the apartment, provided it gives 24-hours' notice.

{¶ 17} Koster's argument that nothing in the lease required him to allow Willow Bend to enter after a valid request for entry to the apartment was made with the proper 24-hours' notice is immaterial. It disregards the terms of the agreed entry, which set out Koster's obligations. Because of his own admission, Koster cannot assert a meritorious defense to Willow Bend's claim that he violated paragraph No. 4 of the agreed entry. Therefore, we conclude that the trial court did not err in denying Koster's Civ.R. 60(B) motion. We overrule Koster's first assignment of error.

### B. Second Assignment of Error

{¶ 18} Koster, in his second assignment of error, argues that the trial court erred in finding LIHTC noncompliance without a lease provision, violating due process and Civ.R. 60(B) standards. However, our determination of the first assignment of error renders his second assignment of error moot. *See Village at Galloway Run Condominium Assn. v. Taylor*, 2024-Ohio-2344, ¶ 20 (10th Dist.) (the failure to establish one prong, such as excusable neglect, rendered other assignments of error moot). To obtain a judgment for restitution, Willow Bend needed to show a single violation of the agreed entry, which it did through its affidavit. On the other hand, to vacate the judgment for restitution, Koster needed to allege meritorious defenses to both claims for which relief is sought. Here, Koster

cannot allege meritorious defenses for both claims. As discussed above, Koster breached the agreed entry by refusing to allow Willow Bend to enter the apartment after 24-hours' notice because he was not able to take his dog out of the apartment. As a result, it is irrelevant whether Koster can allege a defense for the LIHTC recertification noncompliance claim. Additionally, Koster's claims of attempts at LIHTC recertification and pointing out the lack of a lease term are equally immaterial.

{¶ 19} Thus, by overruling Koster's first assignment of error we rendered Koster's second assignment of error moot.

### C. Third Assignment of Error

{¶ 20} In his third assignment of error, Koster argues that the trial court abused its discretion by denying Civ.R. 60(B) relief and by ignoring meritorious defenses of compliance and Willow Bend's bad faith. Koster's attempt to reschedule entry, Koster's ability to pay rent, Willow Bend's alleged failure to promptly repair items, Willow Bend's alleged refusals and frivolous filings, Willow Bend's alleged lies, rude emails, delays causing wage loss and distress, and other allegations do not serve as meritorious defenses to his violation of the agreed entry. Again, Koster admitted to breaching the agreed entry by telling Arriola maintenance workers could not enter his apartment because he wasn't able to take his dog out of the apartment after proper notice was provided. The allegations in this assignment of error do not affect that admission. Accordingly, we overrule Koster's third assignment of error.

{¶ 21} In the absence of any showing by Koster that he has a meritorious defense to the claims for which judgment for restitution was entered, we conclude that the trial court did not abuse its discretion in denying Koster's motion for relief from judgment.

## V. CONCLUSION

{¶ 22} Having overruled Koster's first and third assignments of error, and finding moot his second assignment of error, we affirm the January 16, 2025 judgment of the Franklin County Municipal Court.

*Judgment affirmed.*

BOGGS, P.J., and DINGUS, J., concur.

_____