[Cite as *RiverPark Group, LLC. v. City of Dublin*, 2019-Ohio-723.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| RiverPark Group, LLC, | : | |
| Plaintiff-Appellant, | : | |
| | : | No. 18AP-188 |
| v. | : | (C.P.C. No. 16CV-3134) |
| City of Dublin, Ohio, | : | (REGULAR CALENDAR) |
| Defendant-Appellee. | : | |

D E C I S I O N

Rendered on February 28, 2019

**On brief:** *Warner Mendenhall* and *Karen Edwards-Smith,* for appellant. **Argued:** *Karen Edwards-Smith.*

**On brief:** *Frost Brown Todd LLC, Philip K. Hartman, Jeremy M. Grayem,* and *Yazan S. Ashwari,* for appellee. **Argued:** *Yazan S. Ashwari.*

APPEAL from the Franklin County Court of Common Pleas

BRUNNER, J.

{¶ 1} Plaintiff-appellant, RiverPark Group, LLC ("RiverPark"), appeals from a February 14, 2018 judgment of the Franklin County Court of Common Pleas denying its motion for relief from judgment under Civ.R. 60(B)(3). For the following reasons, we affirm the decision of the trial court.

I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} This matter arose from a dispute between RiverPark and defendant-appellee, City of Dublin ("Dublin"), in connection with Dublin's taking of certain real property belonging to RiverPark ("the property") via eminent domain.

{¶ 3} On March 31, 2016, RiverPark filed a complaint for damages, temporary restraining order, and preliminary injunction (the "TRO action"), alleging that Dublin had trespassed on the property when, in September 2015, Dublin had initiated an eminent

domain action,[1] exercised its quick-take authority, and entered the property to begin construction of a public project (the "eminent domain action").

{¶ 4}  Dublin had initiated the eminent domain action against RiverPark as part of Dublin's roadway project to improve the intersection of State Route 161 ("SR 161") and Riverside Drive.  As part of the roadway project, Dublin sought to acquire easements from RiverPark's property for construction of a public shared-use path as an appurtenance to the road.  The eminent domain action was tried in the Franklin County Court of Common Pleas to a jury verdict.  Pursuant to the trial court's judgment entry on verdict, RiverPark was paid compensation in an amount determined by the jury, and the easements were conveyed to Dublin.  The judgment entry on verdict was subsequently recorded with the Franklin County Recorder's Office.

{¶ 5}  Also on March 31, 2016, RiverPark filed a motion for temporary restraining order ("TRO motion").  The trial court set the TRO motion for a hearing on April 4, 2016.  At the hearing, however, the parties requested a one-week continuance of the matter in order to resolve the matter.  By agreed order, the trial court rescheduled RiverPark's TRO motion for hearing one week later on April 11, 2016.  After the parties subsequently requested another continuance to continue resolving their controversy, the trial court issued another agreed order on April 18, 2016, resetting the hearing on the TRO motion for May 6, 2016.  In this agreed entry, the court also ordered Dublin to file any responsive pleadings by May 27, 2016.

{¶ 6}  The parties thereafter notified the trial court that they had reached a settlement agreement.  On May 5, 2016, the trial court issued a notice ordering counsel to prepare the appropriate entry for the trial court's approval within 30 days.

{¶ 7}  On May 26, 2016, however, before the parties were able to submit an entry for the trial court's approval, RiverPark's counsel, Michael Braunstein and Matthew Strayer, filed a motion to withdraw as counsel citing multiple reasons.  Braunstein and Strayer advised the trial court that RiverPark's principal, William Trembly, was unresponsive to communications from his attorneys and reasonable requests from Dublin.  They further advised that Trembly had instructed them to rescind the settlement agreement which he previously had authorized.

---

[1] Franklin C.P. No. 15CV-8662.

{¶ 8} Learning of RiverPark's intention to rescind the agreed-upon settlement agreement, Dublin filed a motion to enforce the settlement agreement on June 22, 2016. In its memorandum in support of its motion, Dublin stated:

> The Parties engaged in several settlement discussions to resolve the instant matter. Those discussions were ultimately successful, with minor issues left for the Parties to iron out. The successful settlement discussions and agreement on certain terms are evidenced in the email correspondence between the Parties' attorneys, which is attached hereto and incorporated herein as Exhibit A.
>
> The successful settlement agreement is also memorialized in the Property Owner's attorneys' Motion to Withdraw, which was filed with this Court on May 26, 2016 and is attached hereto and incorporated herein as Exhibit B. In that motion, counsel states that:
>
> Mr. Trembly authorized the undersigned to enter into a settlement agreement with Dublin to resolve claims RiverPark brought for trespass, temporary restraining order, and preliminary injunction . . . . The next day, the undersigned informed the Court that the matter had settled and a dismissal entry would be forthcoming. Subsequently, Mr. Trembly instructed the undersigned to reject or rescind the agreement <u>after it had been entered into</u>, and he has continued to insist that the undersigned take such action.
>
> Moreover, Dublin had already performed many of the terms upon which it agreed with Riverpark. Based on these undisputed facts, Dublin moves to enforce the settlement agreement with Riverpark and enter judgment pursuant to the agreement of the Parties.

(Emphasis sic.) (June 22, 2016 Mot. to Enforce at 2.)

{¶ 9} On June 23, 2016, RiverPark obtained new counsel, attorney Gregory Barwell.

{¶ 10} On June 24, 2016, the trial court held a status conference, with Dublin's counsel and RiverPark's new counsel and former counsel in attendance. On June 28, 2016, the trial court issued an entry granting the motion of Braunstein and Strayer to withdraw as RiverPark's counsel, and scheduling a hearing for July 29, 2016 on Dublin's motion to enforce the settlement agreement.

{¶ 11} Before the motion came for hearing, the parties agreed to the previously agreed-upon settlement and memorialized the terms of the agreement on the record with the trial court in telephone conference conducted on June 29, 2016. On July 5, 2016, the trial court dismissed RiverPark's case against Dublin with prejudice, but retained jurisdiction for the purpose of enforcing the parties' settlement agreement.

{¶ 12} On June 27, 2017—nearly one year after the trial court had dismissed RiverPark's action against Dublin—RiverPark, represented by new counsel, sought to rescind the parties' settlement agreement by reopening the TRO action through a motion for relief from judgment, alleging that Dublin had engaged in fraud. RiverPark's primary allegation was that Dublin had failed to comply with the terms of the parties' settlement agreement.

{¶ 13} On July 11, 2017, Dublin filed a memorandum contra RiverPark's motion for relief from judgment. Dublin argued that RiverPark was unable to satisfy the requirements necessary to warrant relief from judgment pursuant to Civ.R. 60(B)(3), stating:

> The fact that RiverPark filed a Motion for Relief from Judgment rather than a motion to enforce its rights under the Parties' settlement agreement is telling. Notwithstanding these questionable motives, RiverPark's Motion fails for several reasons.
>
> RiverPark's Motion fails because (1) it has not demonstrated that it has a meritorious claim or defense if relief is granted; (2) it did not demonstrate it was entitled to relief under Civ.R. 60(B)(3); and (3) it did not demonstrate that its Motion for relief from judgment was filed within a reasonable time. Failure to meet its burden to demonstrate all three requirements will result in denial of the Motion.
>
> In fact, not only did RiverPark fail to demonstrate these requirements, but it did not even specifically allege that it has a meritorious claim or defense it relief is granted, or that it filed its Motion within a reasonable time. Instead, RiverPark spent the entirety of its Motion erroneously accusing Dublin of fraudulent misrepresentation. Notwithstanding the fact that RiverPark's accusations are misguided, the failure to even mention two or the three requirements to obtain relief from judgment is fatally flawed and will result in denial of the Motion.

(July 11, 2017 Memo. Contra Mot. for Relief at 1-2.)

{¶ 14} On July 19, 2017, RiverPark filed its reply to Dublin's memorandum contra.

{¶ 15} On February 14, 2018, the trial court issued an entry denying RiverPark's motion for relief from judgment. The entry stated in part:

> To prevail on a motion brought under Civ. R. 60(B), the movant must demonstrate that:
>
> (1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ. R. 60(B)(1), (2), or (3), not more than one year after the judgment, order or proceeding was entered or taken.
>
> *GTE Automatic Electric, Inc. v. ARC Industries*, 47 Ohio St.2d 146, 351 N.E.2d 113 (1976), syllabus paragraph 2. The movant must establish all three of the requirements to obtain relief from judgment. *Bank of America, N.A. v. Malone*, 10th Dist. No. 11AP-860, 2012-Ohoi-3573, ¶ 7.
>
> The moving party " 'must allege supporting operative facts with enough specificity to allow the trial court to decide that the movant has a defense he could have successfully argued at trial.' " *Miller v. Susa Partnership, L.P.*, 10th Dist. No. 07AP-702, 2008 Ohio 1111, ¶ 16, quoting *Mattingly v. Deveaux*, 10th Dist. No. 03AP-793, 2004 Ohio 2506, ¶ 10. Although a party is not required to prevail on the merits of a defense in order to obtain relief under Civ.R. 60(B), the movant "must do more than make bare allegations that it is entitled to relief and [has] a meritorious defense to present." *Id.* at ¶ 19.
>
> Here, the [trial court] finds that RiverPark failed to demonstrate the requirements to be entitled to relief. To be sure, RiverPark's motion fails to specifically allege that it has a meritorious claim or defense if relief is granted, and failed to address whether its motion was filed within a reasonable time (just days before one-year from the entry of final judgment). By failing to address two of the three requirements necessary for relief, RiverPark's motion is procedurally flawed. Accordingly, the [trial court] finds RiverPark's Motion for Relief from Judgment not well-taken and hereby DENIED.

(Feb. 14, 2018 Entry at 1-2.)

{¶ 16} RiverPark filed its notice of appeal on March 15, 2018.[2]

## II. ASSIGNMENTS OF ERROR

{¶ 17} RiverPark presents two assignments of error for our review:

> [1.] The trial court erred in denying RiverPark Group, LLC's motion for relief from judgment under Civ.R. 60(B)(3).

> [2.] The trial court erred in denying RiverPark Group, LLC's motion for relief from judgment under Civ.R. 60(B) without holding an evidentiary hearing.

## III.  LAW AND DISCUSSION

### A.  Standard of Review

{¶ 18} It is well-settled that "[a] motion for relief from judgment under Civ.R. 60(B) is addressed to the sound discretion of the trial court, and that court's ruling will not be disturbed on appeal absent a showing of abuse of discretion." *Griffey v. Rajan*, 33 Ohio St.3d 75, 77 (1987).  An abuse of discretion "connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary or unconscionable." *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

### B.  Assignments of Error

#### 1.  First Assignment of Error

{¶ 19} RiverPark argues that the trial court erred in denying its motion for relief from judgment under Civ.R. 60(B)(3) because RiverPark has a meritorious claim, is entitled to relief under Civ.R. 60(B)(3), and filed its motion within one year of the trial court's judgment entry of dismissal with prejudice.

{¶ 20} We do not find RiverPark's argument well-taken.  The trial court's decision discussed in full the law governing the three requirements necessary for a movant to prevail on a Civ.R. 60(B) motion and explained how RiverPark's motion had failed to satisfy those requirements.  The trial court specifically found that RiverPark's motion was procedurally flawed because it failed (1) to specifically allege that it had a meritorious claim or defense if relief were granted, and (2) to address whether its motion had been filed within a

---

[2] We note that the parties proceeded to a jury trial on the eminent domain action on June 11, 2018, with RiverPark being represented by new counsel, the counsel representing it in this appeal.  The jury returned a verdict on June 13, 2018.  On July 11, 2018, the trial court entered a judgment entry on verdict that awarded RiverPark just compensation for the easements acquired by Dublin, and conveyed the same easements to Dublin.  The judgment entry on verdict was recorded with the Franklin County Recorder's Office as Instrument No. 201807170094783.

reasonable time.  It is well-established in Ohio courts that Civ.R. 60(B) relief is improper if any one of the requirements is not satisfied.  *Boston v. Parks-Boston*, 10th Dist. No. 02AP-1031, 2003-Ohio-4263, ¶ 13, citing *State ex rel. Richard v. Seidner*, 76 Ohio St.3d 149, 151 (1996), citing *Strack v. Pelton*, 70 Ohio St.3d 172, 174 (1994).  Because RiverPark's motion failed to address two of the three requirements necessary for relief under Civ.R. 60(B), the trial court denied it in accordance with the applicable law.

{¶ 21} Based on our review of the record, we find the common pleas court's reasoning to be sound. Because RiverPark's motion is procedurally flawed, we need not address the arguments raised in its brief.  Accordingly, we find that the common pleas court did not abuse its discretion by denying RiverPark's Civ.R. 60(B)(3) motion for relief from judgment.  RiverPark's first assignment of error is overruled.

### 2. Second Assignment of Error

{¶ 22}  RiverPark also argues that the trial court erred in denying its motion for relief from judgment without holding an evidentiary hearing. In support of its argument, RiverPark relies on this Court's holdings in *Your Fin. Community of Ohio, Inc. v. Emerick*, 123 Ohio App.3d 601, 608 (10th Dist.1997), and *PNC Bank, Natl. Assn. v. Botts*, 10th Dist. No. 12AP-256, 2012-Ohio-5383, and the Ninth District Court of Appeals's holding in *Twinsburg Banking Co. v. RHEA Constr. Co., Inc.*, 9 Ohio App.3d 39 (9th Dist.1983).

{¶ 23}  We disagree that those holdings control to the facts presented in this matter. In *Emerick*, this Court "adopted a rule that when a Civ.R. 60 (B) motion, though unsupported by evidentiary materials, sets forth with sufficient specificity facts that, if true, would justify relief, the trial court abuses its discretion if it overrules such a motion without sua sponte conducting an evidentiary hearing."  *Emerick* at 608. This is the same rule previously adopted by the Ninth District in *Twinsburg Banking Co.* and subsequently followed by this Court in *Botts*.  In all three cases, the movants had set forth specific facts demonstrating a meritorious claim or defense, in the event relief were granted.

{¶ 24} In contrast, as the trial court expressly found, "RiverPark's motion fails to specifically allege that it has a meritorious claim or defense if relief is granted."  (Feb. 14, 2018 Entry at 2.) Because the demonstration of a meritorious claim or defense is a requirement for relief for judgment, and because RiverPark's motion did not allege that it had a meritorious claim or defense, we find the trial court did not abuse its discretion in

denying RiverPark's motion without holding an evidentiary hearing. RiverPark's second assignment of error is overruled.

## IV.  CONCLUSION

{¶ 25} Based on the foregoing, we overrule RiverPark's first and second assignments of error, and we affirm the judgment of Franklin County Court of Common Pleas.

*Judgment affirmed.*

KLATT, P.J., and HORTON, J., concur.