[Cite as *Dodaro v. Dodaro*, 2021-Ohio-2569.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Manilyn Dodaro, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 20AP-134 |
| v. | : | (C.P.C. No. 16DR-3110) |
| Steven Dodaro, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on July 27, 2021

**On brief:** *Jessica M. Wood*; *Micaela C. Deming*, for appellee.
**Argued:** *Jessica M. Wood.*

**On brief:** *Randy S. Kurek*; *Jo Kaiser*, for appellant.
**Argued:** *Randy S. Kurek.*

APPEAL from the Franklin County Court of Common Pleas,
Division of Domestic Relations

DORRIAN, P.J.

{¶ 1} Defendant-appellant, Steven Dodaro, appeals a January 29, 2020 decision and judgment entry from the Franklin County Court of Common Pleas, Division of Domestic Relations, denying his motion for Civ.R. 60(B) relief. For the following reasons, we affirm.

**I. Facts and Procedural History**

{¶ 2} Appellant and plaintiff-appellee, Manilyn Dodaro, were married in Columbus, Ohio on March 23, 2013. One child was born as issue of the parties' marriage. Appellee filed a complaint for divorce on August 12, 2016. Appellant filed an answer and counterclaim on November 9, 2016.

{¶ 3} Despite what appears from the record to be contentious litigation during the pendency of the parties' divorce proceedings, the parties entered into two final agreements addressing certain issues related to the termination of their marriage prior to trial.

Specifically, as relevant here, on March 29, 2018, the parties agreed to stipulations addressing division of marital property located in the Philippines ("Philippines Home"), and incorporated the stipulated terms into a second agreed entry and stipulations ("agreed entry"). In its entirety, the agreed entry reflects the following:

> The undersigned parties, [appellee] and [appellant], have agreed upon the following stipulations, findings of fact, conclusions of law, and other provisions related to this action, and the division of marital debts and assets.
>
> The parties hereby request that this Court include the same in the final orders issued by this Court in the final Judgment Entry and Divorce Decree.
>
> **Philippines Real Estate**
>
> 1. The parties own real estate located at Purok 5, Lumban, Tangub City, Philippines ("Philippines Home"). On information and belief, the parties herby stipulate that the Philippines Home is jointly titled in the names of [appellant] and [appellee]. Regardless of title, the Philippines Home is marital property.
>
> a. The parties purchased the lot for the Philippines Home with 500,000 PHP on February 27, 2015.
>
> b. On February 27, 2015, the exchange rate from USD to PHP was 100 USD = 4,407.50 PHP, therefore 500,000 PHP is approximately $11,344.30.
>
> c. Improvements to the lot for the Philippines Home occurred after that time, and approximately $90,000.00 was spent in the process. The improvements, in the form of a house, fence, etc., were finished by the end of 2015.
>
> 2. The parties agree to sell the Philippines Home and split the proceeds equally.
>
> 3. The parties agree to work through their respective counsel to agree upon, and engage, a realtor or other agent with appropriate credentials (via the Professional Regulation Commission in the Philippines) for the purposes of marketing and selling the Philippines Home.
>
> 4. The home shall be marketed at the price recommended by the realtor.

5. Any offer to buy the Philippines Home that is within 2% of the market price shall be accepted. The parties shall follow the realtor's recommendations regarding any negotiations, counter-offers, inspections, repairs, etc.

6. The parties shall timely comply with all requests from the realtor to execute documents, provide information, etc.

7. Once sold, the net proceeds (after realtor fees, title fees, costs of marketing, and all other related costs of the transaction) shall be transferred to the trust account of Counsel for Plaintiff, to be held in escrow in order for the following distribution to occur:

a. 25% shall be distributed to Plaintiff.

b. 25% shall be distributed to Defendant.

c. 50% shall be placed in trust for [the child]. The trust shall be an educational trust for purposes of paying college tuition and living expenses while in college, or, in the event that [the child] does not receive these funds for purposes of tuition and living expenses by the time he turns twenty-four (24) years of age, then he will receive scheduled distributions from the trust on regular intervals beginning with his twenty-fourth (24th) birthday. The parties shall work through their respective counsel to engage an estate planning attorney to create the trust and serve as the trustee. If the estate planning attorney cannot serve as the trustee, then a portion of the funds for [the child's] trust shall be used to hire a professional personal [sic] or organization to serve as the trustee.

8. The Court retains jurisdiction to enforce these provisions.

(Agreed Entry at 1-3.) The agreed entry was signed by the parties and their respective counsel along with the assigned judge and made an order of the court.

**{¶ 4}** Despite reaching an agreement as to the division of the Philippines Home, the parties could not finalize the terms necessary for termination of their marriage and therefore proceeded to trial regarding other unresolved issues. At the conclusion of the presentation of testimony and evidence, the trial court took the matter under advisement.

**{¶ 5}** On August 22, 2018, the court issued a decision and judgment entry decree of divorce ("decree of divorce") terminating the parties' marriage. As requested by the parties, the trial court incorporated into the decree of divorce the parties' stipulations regarding the Philippines Home as if fully re-written. In order to equally divide the parties'

marital assets and liabilities, the decree of divorce ordered appellant to pay appellee, on or before December 31, 2018, a cash property settlement in the amount of $39,628.84.

{¶ 6} Appellant appealed the decree of divorce on September 21, 2018. Appellee cross-appealed on October 1, 2018. During the pendency of the parties' appeals, appellant filed a motion for Civ.R. 60(B) relief and an affidavit in support on May 24, 2019 requesting partial relief from judgment as to the parties' decree of divorce. Therein, appellant asserts the parties' agreed entry regarding the Philippines Home is inequitable. In his request for relief, appellant contends a more fair and equitable resolution would be for the court to modify the parties' decree of divorce to vacate appellant's obligation to pay appellee the $39,628.84 cash property settlement and, in return, award appellee all interest in the Philippines Home.

{¶ 7} On November 26, 2019, this court issued a judgment entry affirming in part and reversing in part the judgment of the trial court, remanding the matter to the trial court regarding matters unrelated to the issues before us. *Dodaro v. Dodaro*, 10th Dist. No. 18AP-714, 2019-Ohio-4864.

{¶ 8} On January 29, 2020, without holding an evidentiary hearing, the trial court filed a decision and judgment entry ("Civ.R. 60(B) decision") denying appellant's Civ.R. 60(B) motion, finding appellant failed to present a meritorious defense or claim in addition to failing to establish entitlement to relief under the grounds as stated in Civ.R. 60(B)(1) through (5).[1] It is from the trial court's denial of appellant's Civ.R. 60(B) motion that appellant files this appeal.

## II. Assignments of Error

{¶ 9} Appellant assigns the following two assignments of error for our review:

[I.] The trial Court erred in denying Appellant's motion for relief from judgment.

[II.] The trial Court erred in denying Appellant's motion for relief from judgment without holding an evidentiary hearing.

## III. Analysis

{¶ 10} To prevail on a Civ.R. 60(B) motion, a movant must demonstrate: "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is

---

[1] The trial court's decision makes note appellant's Civ.R. 60(B) motion was taken under advisement after the court of appeals issued its decision on November 26, 2019.

entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.,* 47 Ohio St.2d 146 (1976), paragraph two of the syllabus, *see* Civ.R. 60(B). All three prongs articulated by *GTE Automatic* must be met; failure to meet one of the requirements will result in denial of the relief requested. *Id.* at 151.

{¶ 11} Whether to grant a motion for relief from judgment is entrusted to the discretion of a trial court and, absent an abuse of discretion, an appellate court will not disturb a trial court's ruling. *Boston v. Parks-Boston*, 10th Dist. No. 02AP-1031, 2003-Ohio-4263, ¶ 11. The term "abuse of discretion" connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 219 (1983).

{¶ 12} In his first assignment of error, appellant asserts the trial court erred and abused its discretion by denying his Civ.R. 60(B) motion.

{¶ 13} Although the trial court found appellant's Civ.R. 60(B) motion to be timely, the court also found appellant did not put forth a meritorious claim for relief and did not establish grounds for relief pursuant to Civ.R. 60(B).

{¶ 14} Under the first prong of the *GTE Automatic* test, a movant must demonstrate the party has a meritorious defense or claim to present if relief is granted. *GTE Automatic* at paragraph two of the syllabus. Pursuant to Civ.R. 60(B), a movant's burden is only to allege a meritorious defense (or claim), not to prevail on the merits thereof. *Miller v. Susa Partnership, L.P.*, 10th Dist. No. 07AP-702, 2008-Ohio-1111, ¶ 15, citing *Moore v. Emmanuel Family Training Ctr., Inc.*, 18 Ohio St.3d 64, 67 (1985).

{¶ 15} Appellant contends he has a meritorious claim to present if relief is granted. He does not, however, specifically articulate the meritorious claim. Rather, generally, he argues that: (1) there is a more equitable solution, and (2) the property's location in the Philippines makes the parties' agreed entry unenforceable.

{¶ 16} First, we will address appellant's argument that there is a more equitable solution. Appellant's Civ.R. 60(B) motion and affidavit in support requests modification of the parties' decree of divorce, claiming the parties' agreed entry regarding the Philippines Home was inequitable. Specifically, appellant argued:

> It would be fair and equitable for the Decree to be modified. [Appellant's] $39,628.84 obligation to [appellee] should be vacated and voided; in return, [appellee] should receive the entire interest in the $125,000 property in the Philippines, to use however she would like. Such an Order would disentangle the financial affairs, which but for such an order, might be entangled forever.

(Civ.R. 60(B) Mot. at 4.)  In finding that appellant failed to establish a meritorious claim, the trial court articulated: "A request to set aside an agreement entered into by both parties merely because [appellant] now believes there is a mere equitable solution does not rise to the amount of a meritorious claim or defense."  (Civ.R. 60(B) Decision at 6.)

{¶ 17} The trial court's precise and dispositive finding regarding appellant's lack of a meritorious claim or defense is well supported.  " 'It is a common and favored practice in Ohio for parties in domestic relations actions to resolve the issues between them through negotiated settlement.' "  *Brewer v. Brewer*, 10th Dist. No. 09AP-146, 2010-Ohio-1319, ¶ 20, quoting *Dvorak v. Petronzio*, 11th Dist. No. 2007-G-2752, 2007-Ohio-4957, ¶ 17. " 'The intent of the parties to a contract is presumed to reside in the language they chose to employ in the agreement.' " *Robins v. Robins*, 10th Dist. No. 04AP-1152, 2005-Ohio-4969, ¶ 15, quoting *Kelly v. Med. Life Ins. Co.*, 31 Ohio St.3d 130 (1987), paragraph one of the syllabus.  Here, appellant does not contend the intention of the parties was not effectuated by the stipulations in the agreed entry, but that the agreed entry as drafted lacks provisions that could have assisted in implementation of the agreed upon terms.  Asserting a more fair and equitable division, appellant's argument fails to take into account that the parties did not provide a value for the Philippines Home and further, appellant's obligation to pay appellee a property settlement was ordered by the trial court in consideration of the court's division of the parties' remaining assets and liabilities; not as a result of the division contained in the agreed entry.[2]

{¶ 18} Without asserting more than a preference for an alternate disposition than what the parties stipulated in their agreed entry, we cannot find appellant has put forth a meritorious defense or claim for relief in this regard.

---

[2] The parties provided the purchase price for the Philippines Home, the currency exchange rate between the United States and PHP [sic] and improvement costs to the home.

{¶ 19} Next, we address appellant's argument that the property's location in the Philippines makes the parties' agreed entry unenforceable. Appellant argues the parties cannot effectuate the provisions of the agreed entry regarding the sale of the Philippines property because: (1) the Philippines is a third world country, (2) the Philippines has a per capita GDP (growth domestic product) which is 112th in the world, and (3) the Philippines is not a signatory to the Hague Convention. Yet, appellant cites to no authority in support of these considerations. Nor does appellant present any evidence as to why such considerations, if true, would render the agreed entry terms unenforceable or interfere with the parties' ability to effectuate the provisions of the agreed entry. In fact, appellant states in his affidavit, filed in support of his Civ.R. 60(B) motion, the two individuals he contacted would not work with him "because of what [appellee] had said about him" and "because of comments she had heard, and because she knew that those residing in the property would have no desire to cooperate with a sale," not because the Philippines is a third world county and not a signatory to the Hague Convention. (Dodaro Aff. at ¶ 6, 12.)

{¶ 20} We find the trial court did not abuse its discretion in finding appellant failed to present a meritorious defense or claim for relief.[3]

---

[3] Furthermore, we also note the agreed entry does in fact incorporate some safeguards for implementation and, further, there are remedies for appellant to pursue in the event appellee disobeys or resists the terms of the decree of divorce, including the agreed entry and stipulations incorporated therein. First, even though the agreed entry does not specifically provide a time deadline for enforcement, it has long been held that "[w]hen no time is fixed for the performance of a contract, a reasonable time is implied." *Harris v. Ohio Oil Co.*, 57 Ohio St. 118, 127 (1897). Second, the agreed entry does expressly state as follows:

> 3. The parties agree to work through their respective counsel to agree upon, and engage, a realtor or other agent with appropriate credentials (via the Professional Regulation Commission in the Philippines) for the purposes of marketing and selling the Philippines Home.
>
> 4. The home shall be marketed at the price recommended by the realtor.
>
> 5. Any offer to buy the Philippines Home that is within 2% of the market price shall be accepted. The parties shall follow the realtor's recommendations regarding any negotiations, counter-offers, inspections, repairs, etc.
>
> 6. The parties shall timely comply with all requests from the realtor to execute documents, provide information, etc.

(Agreed Entry at 2.)

It is important to note that these stipulations and requirements apply to the parties, and there is no specific requirement that applies to a real estate agent. Finally, as the stipulations apply to the parties, if appellee does not comply with the stipulations, appellant has procedural mechanisms to seek enforcement and compliance pursuant to: (1) the trial court's express retention of jurisdiction to enforce the provisions (Agreed Entry at ¶ 8), (2) an action for contempt pursuant to R.C. Chapter 2705, and (3) attorney fees for post-decree contempt actions pursuant to R.C. 3105.73(B).

{¶ 21} Appellant fails to assert a meritorious defense or claim, therefore he fails to meet one of the three requirements as established by *GTE Automatic.  See GTE Automatic* at paragraph two of the syllabus.   Civ.R. 60(B) relief is improper if any one of the requirements is not satisfied.  *RiverPark Group, LLC v. Dublin,* 10th Dist. No. 18AP-188, 2019-Ohio-723, ¶ 20, citing *Boston* at ¶ 13.  Therefore, because we find appellant fails to assert a meritorious defense or claim, we find appellant's request for Civ.R. 60(B) relief will fail and it is not necessary for us to consider whether he meets the other two criteria set forth in *GTE Automatic.*

{¶ 22} Accordingly, appellant's first assignment of error is overruled.

{¶ 23} In his second assignment of error, appellant asserts the trial court erred by failing to grant an evidentiary hearing on his Civ.R. 60(B) motion.  Specifically, appellant argues his Civ.R. 60(B) motion and affidavit "set 'forth with sufficient specificity facts that, if true, would justify relief,' which facts were supported by an affidavit. Nevertheless, the Court failed to conduct a hearing."  (Appellant's Brief at 15.)

{¶ 24} In relevant part, Loc.R. 13(C) of the Franklin County Court of Common Pleas, Division of Domestic Relations, states:

> Motions requesting relief from judgment which are based on lack of service or lack of jurisdiction shall be scheduled for hearing. Motions requesting relief from judgment which do not involve lack of service or lack of jurisdiction will be reviewed by the court and scheduled for hearing if the materials submitted allege operative facts which, if proven, would warrant relief from judgment. All other motions for relief from judgment will be determined without oral argument.

"In order to be entitled to a hearing on a motion for relief from judgment, a movant 'must demonstrate why he is entitled to a hearing on the motion, and must allege operative facts which would warrant relief under Civ.R. 60(B).' "  *Social Psychological Servs., Inc. v. Magellan Behavioral Health, Inc.*, 10th Dist. No. 10AP-326, 2010-Ohio-6531, ¶ 18, quoting *Cunningham v. Ohio Dept. of Transp.*, 10th Dist. No. 08AP-330, 2008-Ohio-6911, ¶ 37.

{¶ 25} Appellant's Civ.R. 60(B) motion does not request relief based on lack of service or lack of jurisdiction. *See* Dom.R.Loc.R. 13(C). Therefore, unless appellant has alleged operative facts that if proven would warrant relief from judgment, appellant was not entitled to a hearing on his Civ.R. 60(B) motion. In the instant case, appellant did not set forth operative facts demonstrating a meritorious defense or claim for relief nor did he

establish entitlement to relief under his asserted grounds pursuant to Civ.R. 60(B)(1), (3) or (5). Therefore, the trial court did not abuse its discretion in denying appellant's Civ.R. 60(B) motion without holding an evidentiary hearing. *See* Dom.R.Loc.R. 13(C), *see also Social Psychological Servs.* at ¶ 18; *Blakeman v. Pelloski*, 10th Dist. No. 19AP-772, 2021-Ohio-560, ¶ 25. Furthermore, in his brief, appellant argues only generally that he did "set 'forth with sufficient specificity facts that, if true, would justify relief.' " (Appellant's Brief at 15.) At oral argument, appellant argued specifically that sufficient operative facts were alleged in particular with regard to his claims of fraud and misrepresentation as grounds to establish Civ.R. 60(B)(3). Yet, assuming arguendo, that appellant did set forth sufficient operative facts with regard to claims of fraud and misrepresentation, for the reasons we have articulated above, he did not set forth sufficient operative facts with regard to a meritorious defense or claim. As we noted previously, without establishing a meritorious defense or claim, appellant's request for Civ.R. 60(B) relief fails.

{¶ 26} Finally, although appellant emphasizes the trial court set his Civ.R. 60(B) motion for a hearing "*four different times*," appellant does not provide support from the record that would indicate his Civ.R. 60(B) motion was scheduled for an evidentiary hearing as determined by the trial court. (Emphasis sic.) (Appellant's Brief at 14.) Moreover, whether or not appellant's Civ.R. 60(B) motion was set for hearing, the trial court was not required to hold a hearing because appellant's basis for relief was not based on lack of jurisdiction or service and appellant failed to allege sufficient operative facts to warrant a hearing. *See* Dom.R.Loc.R. 13(C).

{¶ 27} Therefore, we find the trial court did not abuse its discretion by ruling on appellant's Civ.R. 60(B) motion without an evidentiary hearing.

{¶ 28} Accordingly, appellant's second assignment of error is overruled.

## IV. Conclusion

{¶ 29} For the foregoing reasons, appellant's two assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas, Division of Domestic Relations, is affirmed.

*Judgment affirmed.*

BROWN and LUPER SCHUSTER, JJ., concur.

_____