[Cite as *Tisdale v. Direct Detail*, 2012-Ohio-3252.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 97503**

# VENIS TISDALE

PLAINTIFF-APPELLANT

vs.

# DIRECT DETAIL, ET AL.

DEFENDANTS-APPELLEES

## JUDGMENT:
## AFFIRMED

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-751015

**BEFORE:** Keough, J., Sweeney, P.J., and Rocco, J.

**RELEASED AND JOURNALIZED:** July 19, 2012

**FOR APPELLANT**

Venis Tisdale, pro se
135 Chestnut Lane
Apt. J430
Richmond Heights, OH 44143

**ATTORNEY FOR APPELLEES**

Ronald A. Skingle
2450 St. Clair Avenue
Cleveland, OH 44114

KATHLEEN ANN KEOUGH, J.:

{¶1} Plaintiff-appellant, Venis Tisdale, appeals from the trial court's judgment granting the motion for summary judgment of defendants-appellees, Direct Detail and Washing, d.b.a. Direct Detail, Brian Short, and Jerome Henderson. For the reasons that follow, we affirm.

## I. Facts and Procedural History

{¶2} On March 15, 2011, Tisdale filed suit against appellees seeking $20,000 in damages for their alleged deception relating to Tisdale's purchase of a used, 1997 Oldsmobile Regency from Direct Detail on January 14, 2011. Tisdale's complaint alleged that prior to purchasing the car, he opened the hood and looked at the engine, which was clean with no oil leaks. Tisdale asked Henderson, the salesperson, if he could test drive the car and bring it to an outside mechanic for inspection. Henderson allegedly told Tisdale he could not take the car to a mechanic but that he could test-drive the car in the parking lot.

{¶3} After test-driving the car, Tisdale told Henderson that he wanted to buy it. Short, a manager at Direct Detail, and Henderson then sat down with Tisdale and calculated the cost of the vehicle with and without a seven-month warranty. The cost with the warranty was more than without, and Henderson allegedly told Tisdale that he would not need a warranty because the car was in excellent condition, so Tisdale decided to buy the car without the warranty.

**{¶4}** Attached to Tisdale's complaint was the Warranty Disclaimer form he signed. Under the caption "NOTICE OF VEHICLE SOLD WITHOUT ANY WARRANTY," the form stated,

> [t]his vehicle is sold without any warranty. The purchaser will bear the entire expense of repairing or correcting any defects that presently exist and/or may occur in the vehicle unless the salesperson promises in writing to correct such defects.

**{¶5}** A Direct Detail employee then drove the car to Tisdale's home while Tisdale drove his rental car home. Tisdale then drove back to Direct Detail in his just-purchased car and dropped off the employee. As he was driving home, the "check engine" light in the car came on. Tisdale's complaint alleged that he took the car to two repair shops, both of which informed him that there were numerous and significant problems with the car, including a defective lower intake manifold gasket, that needed repair.

**{¶6}** Tisdale brought the car back to Direct Detail, and Short allegedly told him that Direct Detail would repair it free of charge. However, the "check engine" light immediately came on again when Tisdale drove the car home after it was repaired. Tisdale's complaint alleged that he brought the car back to Direct Detail several times for repairs because the "check engine" light kept coming on, but each time, instead of fixing the problem, Direct Detail's mechanics would simply "clear the codes" to make the light go off and then tell him the car was fixed. The "check engine" light would come on again, however, each time Tisdale drove the car home. The car also stalled several times as Tisdale was driving it, requiring that it be towed. Eventually, when Tisdale kept

complaining to Direct Detail about the car, Short informed him that he could not help him any further.

{¶7} Tisdale then filed suit, alleging that appellees had failed to disclose and remedy the significant defects with the vehicle, in violation of Ohio's Consumer Sales Practices Act. Specifically, Tisdale alleged that appellees violated R.C. 1345.02 and 1345.03, which prohibit unfair, deceptive, and unconscionable acts or practices in connection with consumer transactions. Tisdale also alleged that appellees violated R.C. 1345.71 through 1345.78 by selling him a nonconforming vehicle.

{¶8} Direct Detail, Short, and Henderson filed a motion for summary judgment, in which they argued that Tisdale had purchased the vehicle "as is" without any warranties and, therefore, they could not be held liable for failing to disclose or repair any defects in the vehicle. Appellees argued further that R.C. 1345.71 through 1345.78 apply only to manufacturers of new vehicles and hence are not applicable to them. Attached to appellees' motion were copies of the "As Is" Warranty Disclaimer Form, a Buyer's Guide, the Bill of Sale, and the Retail Installment Agreement related to the transaction.

{¶9} The trial court subsequently held a hearing regarding appellees' motion. At the hearing, Tisdale asserted that before selling him the car, appellees had cleaned the engine around the leaking gasket and then spray-painted around the gasket to cover up the leak. He produced no evidence to support this claim, however. Tisdale also argued that when he brought the car to Direct Detail for repair after he had purchased it, in addition to

not fixing the car, appellees siphoned gas out of the tank and returned the car to him with a nearly empty gas tank. He produced no evidence to support this claim. Finally, Tisdale argued that Short had promised to repair the car free of charge but did not do so, in violation of the Consumer Sales Practices Act. Tisdale admitted, however, that he had inspected the car before buying it and that he purchased the vehicle "as is," without any warranties.

{¶10} The trial court subsequently granted appellees' motion for summary judgment. This appeal followed.

## II. Analysis

{¶11} Civ.R. 56(C) provides that summary judgment is appropriate when (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) after construing the evidence most favorably for the party against whom the motion is made, reasonable minds can reach only a conclusion that is adverse to the nonmoving party. *Zivich v. Mentor Soccer Club, Inc.*, 82 Ohio St.3d 367, 369-370, 696 N.E.2d 201 (1998); *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977). We review the trial court's judgment de novo, using the same standard that the trial court applies under Civ.R. 56(C). *Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996).

{¶12} Under R.C. 1302.29(C)(1), "unless the circumstances indicate otherwise, all implied warranties are excluded by expressions like 'as is,' 'with all faults,' or other language which in common understanding calls the buyer's attention to the exclusion of

warranties and makes plain that there is no implied warranty." Furthermore, when two parties have executed a written contract that they both agree is an accurate and complete expression of their agreement, evidence of prior agreements and negotiations will not be admitted to vary or contradict the written contract. *Ed Schory & Sons v. Soc. Natl. Bank*, 75 Ohio St.3d 433, 440, 662 N.E.2d 1074 (1996); R.C. 1302.05.

{¶13} Here, Tisdale alleged that he was deceived by appellees' failure to disclose the significant defects with the car before he purchased it and to fix the problems with the car after he bought it. But he admitted that he signed an "As Is" Warranty Disclaimer form, which very specifically stated that he was buying the car "as is" and that he would be responsible for the cost of repairing any problems or defects that existed at the time he bought the car or that occurred after its purchase. In addition, the Buyer's Guide executed by Tisdale also indicates that the vehicle was purchased "as is" without any warranty.

{¶14} These documents, along with the Bill of Sale and Retail Installment Agreement, constitute the final, written agreement of the parties. Accordingly, evidence of any alleged oral representations by appellees that would vary the terms of the contract is barred. *Ed Schory & Sons* at 440; R.C. 1302.05. Furthermore, Tisdale produced no written document to vary the terms of the "As Is" Warranty Disclaimer. Therefore, as a matter of law, appellees cannot be held liable under R.C. 1345.02 and 1345.03 for failing to disclose and repair any defects in the car. In addition, because appellees are not manufacturers and did not sell Tisdale a new car, they cannot be held liable under R.C.

1345.71 through 1345.78, which apply only to manufacturers of new vehicles. Accordingly, we find that the trial court did not err in granting appellees' motion for summary judgment.

{¶15} In his first assignment of error, Tisdale contends that the trial court erred in granting summary judgment to appellees, however, because they admitted liability. Tisdale bases this argument on defense counsel's agreement with the trial judge's statement at the hearing on the motion for summary judgment that "the underlying facts are not in dispute." Tisdale misconstrues the meaning of this statement.

{¶16} Defense counsel's agreement that "the underlying facts are not in dispute" was not an admission of liability but an acknowledgement that appellees did not dispute what happened, even though Tisdale's claims failed as a matter of law. A reading of the record demonstrates that appellees' summary judgment motion argued that even if there were defects with the car when Tisdale bought it, and even if appellees did not fix the car free of charge after its purchase, as Tisdale alleged in his complaint, the "As Is" warranty disclaimer precluded any recovery by Tisdale. In other words, even if the underlying facts were as Tisdale alleged, appellees were not liable for any violation of the Consumer Sales Practices Act.

{¶17} In his second assignment of error, Tisdale contends that the trial court erred in granting appellees' motion for summary judgment because Short and Henderson prevented him from taking the car to a mechanic for inspection before he purchased it. Tisdale's argument is without merit; he could have (and apparently should have) told

Short and Henderson that he would not buy the vehicle without an independent inspection. As discussed above, by signing the "As Is" Warranty Disclaimer, Tisdale agreed that he would pay for any necessary repairs to the car, even without an independent inspection and even if it needed repair when he bought it.

{¶18} In his third assignment of error, Tisdale argues that the trial court erred in granting summary judgment to appellees because Short told him after he bought the car that Direct Detail would fix it for him free of charge and then did not do so. Even if this were true, Tisdale's signature on the "As Is" Warranty Disclaimer and his acknowledgement that he would pay for any repairs to the car preclude any recovery under the Consumer Sales Practices Act for Direct Detail's failure to fix the car.

{¶19} In his fourth assignment of error, Tisdale argues that the court's judgment in favor of appellees was against the manifest weight of the evidence because appellees did not present any evidence at the hearing on their motion for summary judgment. But appellees attached the "As Is" Warranty Disclaimer, the Buyer's Guide, the Bill of Sale, and Retail Installment Agreement to their motion for summary judgment. This evidence demonstrated that Tisdale's claims under the Consumer Sales Practices Act failed as a matter of law. Accordingly, the trial court's judgment was not against the weight of the evidence.

{¶20} In his fifth assignment of error, Tisdale contends that the trial court's judgment was in error because it "prejudiced" him. As discussed above, we find no error with the trial court's judgment.

{¶21} Finally, in his sixth assignment of error, Tisdale contends that the trial judge should have recused himself from the case because the judge's law clerk allegedly "sided with" appellees at the case management conference. We find no evidence in the record to support this assertion.

{¶22} Appellant's assignments of error are therefore overruled and the trial court's judgment is affirmed.

{¶23} Affirmed.

It is ordered that appellees recover from appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate be sent to said court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


KATHLEEN ANN KEOUGH, JUDGE

JAMES J. SWEENEY,, P.J., and
KENNETH A. ROCCO, J., CONCUR