[Cite as *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. State Emp. Relations Bd.*, 2015-Ohio-5001.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Municipal Construction
Equipment Operators' Labor Council,    :

        Relator,    :

            :

v.    :               No. 15AP-471

            :

Ohio State Employment Relations Board,    :      (REGULAR CALENDAR)

            :

        Respondent.    :

            :

---

D E C I S I O N

Rendered on December 3, 2015

---

*Climaco, Wilcox, Peca, Tarantino & Garofoli Co., L.P.A.*, *Stewart D. Roll* and *David M. Cuppage*, for relator.

*Michael DeWine*, Attorney General, and *Lori J. Friedman*, for respondent.

---

IN MANDAMUS
ON OBJECTIONS TO MAGISTRATE'S ORDER

KLATT, J.

{¶ 1} Relator, Municipal Construction Equipment Operators' Labor Council, commenced this original action in mandamus seeking an order compelling respondent, Ohio State Employment Relations Board ("SERB"), to vacate its order that dismissed for lack of probable cause an unfair labor practice charge that relator filed against the North Ridgeville City School District Board of Education ("BOE"), and to enter an order finding probable cause to believe that an unfair labor practice occurred.

{¶ 2} To understand how the issue before us arose, it is necessary to briefly discuss the procedural history of this matter. Relator initially filed this original action in

the Ninth District Court of Appeals. According to the complaint, following a SERB-conducted election, relator was certified as the new exclusive representative of the non-teacher employees of BOE. Thereafter, relator and BOE commenced negotiations for a collective bargaining agreement ("CBA").

{¶ 3} According to the complaint, relator and BOE tentatively agreed upon 21 out of 44 CBA articles. In addition, relator advised BOE that it was prepared to accept BOE's proposal on eight additional CBA articles subject to reaching an agreement on compensation.

{¶ 4} Thereafter, BOE advised relator that BOE had determined that negotiations were at impasse and that the parties should proceed to mediation with the Federal Mediation and Conciliation Service pursuant to a provision in the existing CBA.

{¶ 5} According to the complaint, BOE's refusal to continue negotiations and its declaration of impasse is a violation of R.C. 4117.11(A)(5). Therefore, relator filed an unfair labor practice charge against BOE with SERB. BOE moved to dismiss that charge.

{¶ 6} According to the complaint, a SERB "labor relations specialist" issued an investigators memorandum recommending dismissal of the unfair labor practice charge. Thereafter, SERB issued a written order granting BOE's motion to dismiss for lack of probable cause.

{¶ 7} Relator alleges in its complaint that SERB failed to investigate the unfair labor practice charge. According to the complaint, SERB's decision not to investigate further is a clear violation of SERB's duties as set forth in R.C. 4117.12(B). Therefore, relator's complaint requests that a writ issue "which requires SERB to investigate." Therefore, the underlying issue in this original action concerns SERB's decision not to further investigate relator's alleged unfair labor practice charge against BOE based upon the lack of probable cause.

{¶ 8} An issue arose before the magistrate of the Ninth District Court of Appeals regarding whether venue was proper in the Ninth District Court of Appeals or in the Tenth District Court of Appeals. After briefing by the parties, a judge of the Ninth District Court of Appeals issued a journal entry transferring venue to this court. The journal entry states in relevant part:

> Inasmuch as the subject matter of this action is SERB's administrative investigation and no probable cause

> determination in an unfair labor practice charge, Franklin County - and not Lorain County - is the appropriate venue under Civ.R. 3(B).
>
> Consequently, it is hereby ordered that venue is transferred to the Tenth District Court of Appeals, Franklin County.

{¶ 9}   On May 5, 2015, the journal entry of the Ninth District Court of Appeals, along with the case record, was filed in this court.

{¶ 10} Pursuant to Civ.R. 53 and Loc.R. 13(M) of the Tenth District Court of Appeals, we referred this matter to a magistrate who issued a decision, including findings of fact and conclusions of law, which is appended hereto.  Relying principally upon *Robertson v. Ohio Adult Parole Auth.*, 10th Dist. No. 01AP-1111, 2002-Ohio-4303, the magistrate found that where the defendant is a state agency that has its principal place of business in Franklin County, venue ordinarily lies in Franklin County because that is the county where the agency's decision was made.  Because the SERB decision at issue here was made in Franklin County, venue is proper in this court.  Therefore, the magistrate has recommended that we deny relator's motion to transfer venue to the Ninth District Court of Appeals.

{¶ 11} Relator has filed objections to the magistrate's decision.  In its first objection, relator contends that the Ninth District Court of Appeals had no authority to transfer this case to this court.  We find this argument misplaced.  Whether or not the Ninth District Court of Appeals had the authority to transfer this case here is not the issue before us.  Rather, the issue before us is whether the magistrate erred in recommending that we deny relator's motion to transfer venue to the Ninth District Court of Appeals.  Based on *Robertson*, we agree with the magistrate's decision.  Because SERB's principal place of business is in Franklin County and because relator challenges a decision of SERB that was made in Franklin County, venue is proper in Franklin County.  Therefore, we overrule relator's first objection.

{¶ 12} In its second objection, relator argues that venue is proper in the Ninth District Court of Appeals.  Again, relator's argument is misplaced.  The issue before us is whether or not venue is proper in Franklin County.  Because SERB's principal place of business is in Franklin County and because the decision of SERB challenged by relator

was made in Franklin County, venue is proper in this court.  *Robertson*.  Accordingly, we overrule relator's second objection.

{¶ 13} Following an independent review of this matter, we find that the magistrate has properly determined the facts and applied the appropriate law.  Therefore, we adopt the magistrate's decision as our own, including the findings of fact and conclusions of law contained therein.  In accordance with the magistrate's decision, we deny relator's motion to transfer venue.

*Objections overruled; motion to transfer venue denied.*

DORRIAN and BRUNNER, JJ., concur.

———————————

**APPENDIX**

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State ex rel. Municipal Construction          :
Equipment Operators' Labor Council,
                                                              :

          Relator,                                        :

                                                              :
v.                                                                                      No. 15AP-471
                                                              :
Ohio State Employment Relations Board,                                 (REGULAR CALENDAR)
                                                              :
          Respondent.                                 :

                                                              :

---

M A G I S T R A T E ' S   O R D E R

Rendered on July 30, 2015

---

ON RELATOR'S MOTION TO TRANSFER VENUE

{¶ 14} In this original action, relator, Municipal Construction Equipment Operators' Labor Council ("CEO Union" or "relator"), requests a writ of mandamus ordering respondent Ohio State Employment Relations Board ("SERB"), to vacate its order that dismissed an unfair labor practice charge that relator filed against the North Ridgeville City School District Board of Education ("BOE"), and to enter an order finding probable cause to believe that an unfair labor practice occurred.

Findings of Fact:

{¶ 15} 1. On November 5, 2014, relator filed this original action in the Ninth District Court of Appeals.

{¶ 16} 2. According to the complaint, following a SERB conducted election, CEO Union was certified on November 14, 2013, as the new exclusive representative of the non-teacher employees of BOE.

{¶ 17} 3. According to the complaint, this action involves a collective bargaining agreement ("CBA") which governs the relationship between CEO Union and BOE for the period July 1, 2011 to June 20, 2013. BOE and CEO Union have treated the CBA as still being in effect.

{¶ 18} 4. According to the complaint, BOE and CEO Union held their first negotiation session on January 31, 2014. Relator alleges that the delay was caused by BOE.

{¶ 19} 5. According to the complaint, BOE and CEO Union tentatively agreed upon 21 out of 44 CBA articles. Also, CEO Union advised BOE that it was prepared to accept BOE's proposal on eight additional CBA articles subject to reaching an agreement on compensation.

{¶ 20} 6. According to the complaint, on August 8, 2014, BOE advised CEO Union that BOE had determined that negotiations were at impasse, and that the parties should proceed to mediation with the Federal Mediation and Conciliation Service. BOE invoked paragraph 3.12 of the CBA which, according to the complaint, provides:

> If the parties are unable to reach agreement within forty-five (45) calendar days of the expiration of this agreement, either party may declare the issues to be at impasse. Thereupon, the parties will seek to resolve the impasse through mediation.

{¶ 21} 7. According to the complaint, BOE's refusal to continue negotiations and its declaration of impasse is a violation of R.C. 4117.11(A)(5). Consequently, on August 12, 2014, relator filed an unfair labor practice charge against BOE. BOE moved for dismissal.

{¶ 22} 8. According to the complaint, on September 15, 2014, a SERB "Labor Relations Specialist" issued an "Investigator's Memorandum" recommending dismissal of the unfair labor practice charge. According to the complaint, the memorandum erroneously states "[a]s a result of such declaration [of impasse], the parties then embarked upon the mediation process * * *." (Complaint at ¶ 14, Ex. D.) Relator alleges that it never participated in mediation. Rather, it has rejected BOE's demand for mediation.

{¶ 23} 9. As alleged in the complaint, on October 9, 2014, SERB issued a written order granting BOE's motion to dismiss.

{¶ 24} 10. Relator further alleges in its complaint that it never received BOE's motion to dismiss.

{¶ 25} 11. In its complaint, relator alleges that SERB failed to investigate the unfair labor practice charge. According to the complaint, "[t]he absence of that investigation is a clear violation of SERB's R.C. § 4117.12(B) obligation to investigate * * *." (Complaint at ¶ 25.)

{¶ 26} 12. Relator requests that a writ issue "which requires SERB to investigate."

{¶ 27} 13. On December 10, 2014, SERB filed its answer to the complaint. In its answer, SERB failed to raise improper venue as an affirmative defense pursuant to Civ.R. 12(B)(3).

{¶ 28} 14. On February 9, 2015, a magistrate of the Ninth District Court of Appeals issued an order:

> Upon review of the pleadings, this Court questions whether venue is appropriate in the Ninth District Court of Appeals. On or before February 23, 2015, therefore, the parties shall file responses to this order addressing whether venue lies in this appellate district.

{¶ 29} 15. On February 23, 2015, in response to the magistrate's order, relator filed its brief addressing the venue issue. In its brief, relator argued that venue was proper in Lorain County under Civ.R. 3(B)(3) and (6). Relator argued:

> Venue is proper in this judicial district pursuant to Civ.R. 3(B)(3) because Respondent conducted activity in Lorain County that gave rise to the claim for relief through its purported investigation of the unfair labor practice charges in that county, which are described in the complaint. * * *

> Venue is proper in this judicial district pursuant to Civ.R. 3(B)(6) because Relator's claim for relief arose in Lorain County, [and] because the events which prompted the unfair labor practice charges which Relator filed with Respondent occurred in that county.

> Also in its brief, citing Civ.R. 12(H), relator stated:

> Respondent's answer does not question the propriety of venue in this Court. * * * Relator located no precedent where any court *sua sponte* questioned whether venue in an original or any other action was appropriate.

(Emphasis sic.)

{¶ 30} 16.  On February 23, 2015, in response to the magistrate's order, SERB filed its brief on the venue issue.  SERB contended that venue was only proper in Franklin County which, under Civ.R. 3(B)(2), is where SERB has its principal place of business.

{¶ 31} 17.  On March 25, 2015, a judge of the Ninth District Court of Appeals issued a journal entry transferring venue to this court.  The journal entry states:

> The State Employment Relations Board (SERB) has its principal place of business in Franklin County. Inasmuch as the subject matter of this action is SERB's administrative investigation and no probable cause determination in an unfair labor practice charge, Franklin County - and not Lorain County - is the appropriate venue under Civ.R. 3(B).
>
> Consequently, it is hereby ordered that venue is transferred to the Tenth District Court of Appeals, Franklin County.

{¶ 32} 18.  On May 5, 2015, the journal entry of the Ninth District Court of Appeals, along with the record, was filed in this court.

{¶ 33} 19.  On May 11, 2015, this court issued a journal entry assigning this cause to the undersigned magistrate.

{¶ 34} 20.  On May 19, 2015, relator moved this court to transfer venue back to the Ninth District Court of Appeals.

{¶ 35} 21.  On May 20, 2015, the magistrate ordered SERB to file its memorandum and response no later than May 29, 2015.

{¶ 36} 22.  On May 29, 2015, SERB filed its memorandum in response.

{¶ 37} 23.  On June 5, 2015, relator filed a reply in support of its motion to transfer.

Conclusions of Law:

{¶ 38} The magistrate denies relator's May 19, 2015 motion to transfer venue back to the Ninth District Court of Appeals for the reasons explained below.

{¶ 39} In its motion to transfer, relator is focused on the venue provisions of Civ.R. 3(B).  Likewise, in opposing relator's motion, SERB is focused on Civ.R. 3(B).

{¶ 40} Relator argues that venue properly lies in Lorain County, over which the Ninth District Court of Appeals has jurisdiction, and where relator chose to file this

action. Relator argues that Civ.R. 3(B)(3) and (6) provide the basis for its venue selection. Civ.R. 3(B)(3) provides for venue in a county in which the defendant conducted activity that gave rise to the claim for relief. Civ.R. 3(B)(6) provides for venue in the county in which all or part of the claim for relief arose.

{¶ 41} On the other hand, SERB argues that venue is only proper in Franklin County over which the Tenth District Court of Appeals has jurisdiction. SERB relies upon Civ.R. 3(B)(2) which provides for venue in the county in which the defendant has his or her principal place of business. SERB argues that relator's reliance upon Civ.R. 3(B)(3) and (6) is misplaced.

{¶ 42} Civ.R. 3 provides:

> **(B) Venue: where proper.**
>
> Any action may be venued, commenced, and decided in any court in any county. * * * Proper venue lies in any one or more of the following counties:
>
> * * *
>
> (2) The county in which the defendant has his or her principal place of business;
>
> (3) A county in which the defendant conducted activity that gave rise to the claim for relief;
>
> * * *
>
> (6) The county in which all or part of the claim for relief arose;
>
> * * *
>
> **(C) Change of venue.**
>
> (1) When an action has been commenced in a county other than stated to be proper in division (B) of this rule, upon timely assertion of the defense of improper venue as provided in Civ.R. 12, the court shall transfer the action to a county stated to be proper in division (B) of this rule.

(Emphasis sic.)

{¶ 43} Venue is proper when the plaintiff chooses a court located in any county described in the first ten[1] provisions of Civ.R. 3(B). These provisions have equal status, and a plaintiff may choose among them with unfettered discretion. *Soloman v. Excel Marketing, Inc.,* 114 Ohio App.3d 20 (2d. Dist. 1996), citing *Morrison v. Steiner,* 32 Ohio St.2d 86 (1972).

{¶ 44} If defendants do not timely raise the issue of improper venue in the responsive pleading or motion made before pleading in accordance with Civ.R. 12(B) and 12(G), the defense of improper venue is waived as provided in Civ.R. 12(H). *Nicholson v. Landis,* 27 Ohio App.3d 107 (1985).

{¶ 45} If this court were reviewing a trial court's decision to change venue, the abuse of discretion standard would apply. *Robertson v. Ohio Adult Parole Auth.,* 10th Dist. No. 01AP-1111, 2002-Ohio-4303, ¶ 22; *Collins v. Ohio Adult Parole Auth.,* 10th Dist. No. 02AP-1161, 2003-Ohio-2952, ¶ 24; and *Premier Assoc., Ltd. v. Loper,* 149 Ohio App.3d 660, 2002-Ohio-5538, ¶ 37 (2d. Dist.).

{¶ 46} In denying relator's motion to transfer venue back to the Ninth District Court of Appeals, the magistrate finds persuasive this court's decision in *Robertson*, a case cited and relied upon by SERB. Consequently, a discussion of that case is helpful.

{¶ 47} Plaintiff-appellant, Alan J. Robertson ("Robertson") appealed to this court from an August 2001 judgment of the Franklin County Court of Common Pleas, granting a motion to dismiss filed by defendant-appellee Ohio Adult Parole Authority ("OAPA").

{¶ 48} According to Robertson's complaint, he was incarcerated at the London Correctional Institution located in Madison County, Ohio. In May 1990, he was indicted by the grand jury on two felonies. In August 1990, pursuant to a plea agreement, Robertson entered a guilty plea to two felony counts and was thereafter sentenced to serve terms of imprisonment.

{¶ 49} In February 2001, Robertson filed an action in the Montgomery County Court of Common Pleas seeking a declaratory judgment against the OAPA. He alleged that the OAPA violated the terms of his plea agreement.

---

[1] The *Soloman* court refers to the first nine provisions of Civ.R. 3(B). There are now ten provisions at Civ.R. 3(B).

{¶ 50} In March 2001, the OAPA filed a motion for change of venue from the Montgomery County Court of Common Pleas to the Franklin County Court of Common Pleas. Robertson opposed the motion. In May 2001, the Montgomery County Court of Common Pleas granted OAPA's motion and transferred the case to the Franklin County Court of Common Pleas.

{¶ 51} In July 2001, OAPA filed a motion to dismiss which was granted by the trial court in August 2001. Robertson appealed the judgment of the Franklin County Court of Common Pleas to this court. Robertson's first assignment of error alleged that the trial court erred in granting the motion for change of venue.

{¶ 52} In Robertson, this court succinctly stated Robertson's position on venue:

> Here, appellant contends that, because the action was originally filed in Montgomery County, venue is proper in Montgomery County. Specifically, appellant argues that, pursuant to Civ.R. 3(B)(3), venue was proper in Montgomery County because he entered into the plea agreement in Montgomery County, was indicted, charged, initially incarcerated, and sentenced in Montgomery County, and the OAPA had representatives who are employed and conducted hearings in Montgomery County. Appellant further argues that, under Civ.R. 3(B)(6), venue was appropriate in Montgomery County because Montgomery County is where all or part of the activities that gave rise to this action occurred while he was a defendant in the Montgomery County Court of Common Pleas.

*Id.* at ¶ 24.

{¶ 53} In holding venue was proper in Franklin County, this court explained:

> Specifically, under Civ.R. 3(B)(1) and (2), the OAPA has its "residence" and principal place of business in Franklin County. Under Civ.R. 3(B)(3), the action must proceed in Franklin County because the activities of the OAPA denying appellant's parole occurred in Franklin County. Likewise, under Civ.R. 3(B)(6), the case must go forward in Franklin County because appellant's claim for relief arose where the OAPA made its decision in Franklin County. Therefore, Franklin County is the proper county in which appellant can maintain this action against the OAPA. * * * As such, the Montgomery County trial court did not abuse its discretion in transferring the case to the Franklin County Court of

> Common Pleas. Accordingly, appellant's first assignment of
> error is not well-taken and is overruled.

*Id.* at ¶ 26.

{¶ 54} Applying the Civ.R. 3(B) analysis of this court in *Robertson* to the instant case, it is clear that the Ninth District Court of Appeals did not abuse its discretion in transferring this original action to this court.

{¶ 55} Under *Robertson,* where the defendant is a state agency that has its principal place of business in Franklin County, venue ordinarily lies in Franklin County because that is the county where the agency's decision was made.  Thus, because SERB's decision at issue in this action was made in Franklin County, relator's reliance upon Civ.R. 3(B)(3) and (6) is misplaced.

{¶ 56} Accordingly, based upon the foregoing analysis, the magistrate hereby denies relator's May 19, 2015 motion to transfer venue back to the Ninth District Court of Appeals.  The magistrate notes that, pursuant to Civ.R. 53(D)(2)(b), any party may file with this court a motion to set aside this magistrate's order not later than ten days after this magistrate's order is filed.

/S/ MAGISTRATE
KENNETH W. MACKE