[Cite as *Ellison v. K 2 Motors, L.L.C.*, 2023-Ohio-1871.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Matthew Ellison, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 22AP-529 |
| v. | : | (C.P.C. No. 21CV-7908) |
| K 2 Motors, L.L.C., | : | (ACCELERATED CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on June 6, 2023

**On brief:** *Sean M. Kohl, Timothy J. Cook,* and *Sean P. Costello* for appellee. **Argued:** *Sean M. Kohl.*

**On brief:** *John F. Burke, III*, for appellant. **Argued:** *John F. Burke.*

APPEAL from the Franklin County Court of Common Pleas

BOGGS, J.

{¶ 1} Defendant-appellant, K 2 Motors, L.L.C. ("K 2"), appeals the judgment of the Franklin County Court of Common Pleas, which denied K 2's Civ.R. 60(B) motion for relief from a default judgment entered in favor of plaintiff-appellee, Matthew Ellison, on Ellison's claims for fraud and violations of the Ohio Consumer Sales Practices Act ("CSPA"), R.C. 1345.01, et seq. Because the trial court did not abuse its discretion in denying K 2's motion, we affirm that court's judgment.

## I. FACTS AND PROCEDURAL BACKGROUND

{¶ 2} Ellison sued K 2 for violations of the CSPA and for fraud in relation to his purchase of a 2012 Infiniti G37 sedan from K 2's used car dealership in Brunswick, Ohio,

on September 19, 2021.  Ellison alleges that K 2 knew the vehicle had been damaged in a prior accident and that it had significant frame damage; faulty brakes, brake rotors, and dirty brake fluid; a leaking faulty steering rack; faulty power steering; a leaking radiator hose; a leaking sunroof; and other leaks and mechanical and electrical issues.

{¶ 3}  Ellison maintains that K 2 repainted some of the vehicle's parts to hide rust and damage to the vehicle.  He further alleges that, despite its knowledge of the vehicle, K 2 represented to him that the vehicle had been inspected, was in great condition, and had never been in an accident.  Ellison claims that he purchased the vehicle in reliance on K 2's representations for the total sales price of $19,649.28.[1]

{¶ 4}  Ellison alleges that the day after he purchased the vehicle its sunroof leaked, causing damage to the interior, and that, soon thereafter, the vehicle's steering began continually locking.  On September 22, 2021, Ellison attempted to return the vehicle to K 2 for a refund, but K 2 refused.  Ellison alleges that K 2 instead promised to repair the vehicle, but that it has not honored that promise.  Ellison claims that a third-party mechanic inspected the vehicle on October 25, 2021, determined that the vehicle was unsafe to drive, and estimated that the cost to return the vehicle to a safe condition would exceed $7,352.

{¶ 5}  Ellison alleges that, because of K 2's actions, he had to lease another vehicle for $31,882.07, and that he has suffered from anxiety, stress, frustration, lack of sleep, and worry.  Ellison claims that K 2's actions constitute both common-law fraud and unfair, deceptive, and unconscionable acts and practices in violation of the CSPA.[2]  Ellison sought damages greater than $25,000, including treble damages for K 2's violations of the CSPA.

---

[1] This amount represents the total of the financed payments over the course of 48 months.  Ellison financed $15,338.70.  That amount included the purchase price of $14,236, plus sales tax at 7.5 percent and title and registration fees.  Interest at 12.44 percent over the life of the loan amounted to $4,310.58.
[2] Ellison alleges CSPA violations not only with respect to the sale of this vehicle but also with respect to K 2's advertising practices.

{¶ 6}   Ellison served K 2's statutory agent, David A. Streeter, by personal process server with a summons and complaint on March 17, 2022.  Although K 2 does not dispute that it was properly served, it did not file an appearance, an answer, or a motion to dismiss within the time permitted by the Rules of Civil Procedure.

{¶ 7}   On April 20, 2022, Ellison filed a motion for default judgment.  For violations of the CSPA, Ellison claimed he was entitled to recover as damages the amount necessary to repair the vehicle to a safe condition ($8,336.10 according to Ellison's supporting affidavit), the monthly payments he had made under his lease of a replacement vehicle ($2,683.50), and $5,000 in damages for emotional distress, all trebled, for a cumulative total of $48,058.80.  He additionally requested an award of reasonable attorney fees in the amount of $4,441.50[3] and costs of $389.75.  Ellison claimed he was entitled to his actual damages in the amount of $11,019.60, plus punitive damages, attorney fees, and costs, on his fraud claim.

{¶ 8}   The trial court granted Ellison's motion for default judgment on May 11, 2022.   Based solely on the complaint, the motion for default judgments, and the attachments to those filings, the court entered judgment against K 2 for $48,058.80, plus $4,441.50 for attorney fees, $389.75 for costs, and continuing interest.

{¶ 9}   Counsel for K 2 filed a notice of appearance on May 20, 2022—nine days after the trial court entered the default judgment.  Approximately a month later, K 2 filed a motion for relief from judgment, pursuant to Civ.R. 60(B), supported by an affidavit from its General Manager, R.J. Elser.  K 2 claimed it was entitled to relief from judgment for two

---

[3] Ellison submitted in support of his motion an affidavit from his attorney, Sean Kohl, who testified to the amount his law firm had charged Ellison for work on this case and who opined that the hourly rate charged by the firm's attorneys and paralegal are reasonable for a consumer practice in Columbus, Ohio.

reasons. First, it argued that the default judgment was void because Ellison did not serve K 2 with the motion for default judgment. Second, K 2 argued that its failure to respond to Ellison's complaint was the result of mistake, inadvertence, or excusable neglect and that it had a valid defense to Ellison's claims. K 2's argument in support of its right to relief under Civ.R. 60(B) constitutes a single paragraph:

> Defendant here meets all the requirements [for relief] and judgment should be vacated. The affidavit of RJ Elser outlines the reason [why] the underlying complaint was not answered. It was clearly not answered due to mistake, inadvertence and/or excusable neglect * * *. Additionally, this matter should not have proceeded in this Court as this Court had no jurisdiction as the entire transaction occurred in Medina County. Moreover, the purchase was governed by a mandatory arbitration clause * * *. Defendant had no legal liability for the vehicle in question and * * * even if [it] did the damages were not in the amount that the plaintiff sought. Finally, this motion for relief from judgment has been timely filed.

(June 24, 2022 Mot. for Relief from Jgmt. at 5.)

{¶ 10} The trial court denied K 2's motion for relief from judgment. It rejected K 2's argument that the default judgment was void because Ellison did not serve the motion for default judgment on K 2. It also held that K 2 was not entitled to relief from judgment under Civ.R. 60(B) because (1) K 2's failure to take any action, despite its knowledge of Ellison's complaint, could not be construed as excusable neglect or mistake, (2) K 2 failed to allege a meritorious defense to Ellison's claims, and (3) K 2's procedural arguments lacked merit and/or did not constitute meritorious defenses for purposes of Civ.R. 60(B).

{¶ 11} K 2 has appealed and now presents two assignments of error. Because both assignments of error essentially contend that the trial court erred by denying K 2's motion for relief from judgment, we address them together.

## II. ANALYSIS

### A. Service of the motion for default judgment on K 2 was not required

{¶ 12} Before turning to K 2's arguments under Civ.R. 60(B), we first address K 2's argument that the default judgment was void because Ellison did not serve K 2 with the motion for default judgment. Where the default judgment is void, K 2 would not be required to comply with Civ.R. 60(B) to have the judgment vacated. *See Patton v. Diemer*, 35 Ohio St.3d 68, 70 (1988). The authority to vacate a void judgment is not derived from Civ.R. 60(B); it is an inherent power possessed by Ohio courts. *Id*. Nevertheless, we reject K 2's argument that the default judgment in this case is void.

{¶ 13} Civ.R. 55, which governs default judgment, states, "When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend as provided by these rules, the party entitled to a judgment by default shall apply in writing or orally to the court therefore." Civ.R. 55(A). It goes on to provide that, "[*i*]*f the party against whom judgment by default is sought has appeared in the action*, he (or, if appearing by representative, his representative) shall be served with written notice of the application for judgment at least seven days prior to the hearing on such application." (Emphasis added.) *Id*. The rule imposes no notice requirement with respect to a party who has *not* appeared in the action. Thus, a defendant who has not made an appearance in the action is not entitled to notice that a motion for default judgment has been filed before the court may enter judgment. *Hartman v. Crime Victims Reparations Fund*, 138 Ohio App.3d 235, 238 (10th Dist.2000).

{¶ 14} In support of its argument, K 2 points to Civ.R. 5(A), which it contends required service of Ellison's motion for default judgment on K 2 before the trial court could validly enter judgment. Civ.R. 5(A) sets out requirements for service and filing of pleadings

and papers in a civil action, but it confirms that an application for default judgment need not be served on a party who has not appeared in the action. It first states a general rule: "Except as otherwise provided in these rules, * * * every written motion other than one which may be heard ex parte * * * shall be served upon each of the parties." *Id.* It goes on, however, to state, "*Service is not required on parties in default for failure to appear* except that pleadings asserting new or additional claims for relief or for additional damages against them shall be served upon them in the manner provided for service of summons in Civ. R. 4 through Civ. R. 4.6." (Emphasis added.) *Id.* Thus, consistently with Civ.R. 55(A), Civ.R. 5(A) does not require service of a motion for default judgment on a party that is in default for failure to appear.

{¶ 15} We liberally construe the term "appeared" for purposes of Civ.R. 55(A). *See Bank of N.Y. Mellon v. Watkins*, 10th Dist. No. 11AP-539, 2012-Ohio-4410, ¶ 10 (finding that defendant appeared by filing requests for mediation and an extension of time to answer and by participating in mediation), citing *Columbus Mgt. Co. v. Nichols*, 10th Dist. No. 92AP-191, 1992 Ohio App. LEXIS 4076 (Aug. 4, 1992). "Appearance" is commonly understood to imply "some sort of presentation or submission to the court in which the action is pending," but it also "may be reasonably construed to reach informal contacts or correspondence between the parties or the court which serve the same purpose" by indicating a clear intention to defend in the action. *Columbus Mgt. Co.* at *6-7. Both when Ellison filed his motion for default judgment and when the trial granted that motion, K 2 had not appeared in the action. K 2 had not made a formal court filing, nor is there any indication in the record of any correspondence between K 2 and either the trial court or Ellison that would indicate K 2's clear intention to defend against Ellison's claims. Thus, K

2 was in default for failure to appear, and Ellison was not required to serve his motion for default judgment on K 2 under either Civ.R. 5(A) or 55(A).

{¶ 16} K 2 fares no better with its invocation of Loc.R. 19.01 as a source of a duty for Ellison to serve K 2 with his motion for default judgment. Loc.R. 19.01 states:

> Every * * *motion * * * filed with the Court or a judge shall be served upon all opposing counsel and upon all parties not represented by counsel. Proof of service in writing shall be shown on or attached to the * * * motion * * *. No paper delivered to the Court or a judge without a certificate of service shall be considered by any judge of this Court except trial briefs where it has been agreed by counsel that they shall not be exchanged.

Loc.R. 19.01 does not specifically exempt from its requirements motions for default judgment, but the local rule may not impose a service requirement that is inconsistent with the Rules of Civil Procedure. *See* Civ.R. 83(A) (local rules "shall not be inconsistent with [the Rules of Civil Procedure] or with other rules promulgated by the Supreme Court"). *See also Vance v. Roedersheimer*, 64 Ohio St.3d 552, 554 (1992), citing Section 5(B), Article IV, Ohio Constitution and Civ.R. 83. To the extent a local rule is inconsistent with the Rules of Civil Procedure, the local rule is unenforceable. *Day's Constr. Co. v. Rosenstock*, 10th Dist. No. 94APG02-254, 1994 Ohio App. LEXIS 5003, *9 (Nov. 1, 1994) (Loc.R. 3.04, which provided 14 days to respond to a motion, did not apply to a motion for default judgment because it would be inconsistent with Civ.R. 55(A)). *See also Third Fed. S. & L. v. Sutton*, 9th Dist. No. 28763, 2018-Ohio-2003, ¶ 15 (affirming default judgment where "Civ.R. 55(A) did not require service of the motion [for default judgment] on * * * a party having not appeared in the action, and [Summit County] Loc.R. 7.04 does not create such a requirement"). Accordingly, Loc.R. 19.01 does not require service of a motion for default

judgment on a party who has not appeared in the action, as the plain language of Civ.R. 5(A) and 55(A) unambiguously provides that such service is not required.

{¶ 17} Because Civ.R. 5(A), Civ.R. 55(A), and Loc.R. 19.01 did not require Ellison to serve his motion for default judgment on K 2, we reject K 2's argument that the default judgment was improper for lack of service.[4]

### B. The trial court did not abuse its discretion by denying K 2's motion for relief from judgment

{¶ 18} We now turn to K 2's argument that the trial court erred in denying relief from judgment pursuant to Civ.R. 60(B). Appellate courts apply an abuse of discretion standard when reviewing a decision to grant or deny relief under Civ.R. 60(B). *State ex rel. Jackson v. Ohio Adult Parole Auth.*, 140 Ohio St.3d 23, 2014-Ohio-2353, ¶ 21, citing *Rose Chevrolet v. Adams*, 36 Ohio St.3d 17, 21 (1988). "Abuse of discretion" implies an "unreasonable, arbitrary, or unconscionable use of discretion, or * * * a view or action that no conscientious judge could honestly have taken." *State v. Kirkland*, 140 Ohio St.3d 73, 2014-Ohio-1966, ¶ 67, quoting *State v. Brady*, 119 Ohio St.3d 375, 2008-Ohio-4493, ¶ 23.

{¶ 19} Pursuant to Civ.R. 60(B), a court may relieve a party from a final judgment "on motion and upon such terms as are just," for any of five enumerated grounds. To prevail on a Civ.R. 60(B) motion, the moving party must establish that "(1) the party has a meritorious defense or claim to present if relief is granted; (2) the party is entitled to relief under one of the grounds stated in Civ.R. 60(B)(1) through (5); and (3) the motion is made

---

[4] Contrary to K 2's characterization of a default judgment entered without service of the motion for default judgment on the defaulting party as void, this court has held that failure to comply with a service requirement such as that in Civ.R. 5(A) or 55(A) only renders a judgment voidable. *Hall v. Parcels of Land Encumbered with Delinquent Tax Liens*, 10th Dist. No. 96APE11-1552, 1997 Ohio App. LEXIS 2437, *4-5 (June 5, 1997), citing *Billiter v. Winship*, 10th Dist. No. 93AP-176, 1993 Ohio App. LEXIS 4754, *8 (Sept. 28, 1993), citing *AMCA Internatl. Corp. v. Carlton*, 10 Ohio St.3d 88, 90-91 (1984). " 'A procedural defect, such as failure to give notice as required, may be sufficient to afford relief from a default judgment on appeal or for relief under Rule 60(b) * * *, however the error should not usually be treated as so serious as to render the judgment void.' " *Hall* at *5, quoting *Winfield Assoc., Inc. v. Stonecipher*, 429 F.2d 1087, 1091 (10th Cir.1970).

within a reasonable time, and, where the grounds of relief are Civ.R. 60(B)(1), (2) or (3), not more than one year after the judgment, order or proceeding was entered or taken." *GTE Automatic Elec., Inc. v. ARC Industries, Inc.*, 47 Ohio St.2d 146 (1976), paragraph two of the syllabus.

{¶ 20} A party who moves for relief from judgment is not automatically entitled to a hearing. *Davis v. Davis*, 10th Dist. No. 15AP-1078, 2016-Ohio-7790, ¶ 13, citing *Kay v. Marc Glassman, Inc.*, 76 Ohio St.3d 18, 19 (1996). " 'If the material submitted by the movant in support of a motion for relief from judgment under Civil Rule 60(B) contains no operative facts or meager and limited facts and conclusions of law, it will not be an abuse of discretion for the trial court to overrule the motion and refuse to grant a hearing.' " *U.S. Bank Natl. Assn. v. Lewis*, 10th Dist. No. 18AP-550, 2019-Ohio-3014, ¶ 28, quoting *Adomeit v. Baltimore*, 39 Ohio App.2d 97 (8th Dist.1974), paragraph four of the syllabus. Although Ohio courts should strive to decide cases on their merits, "we refuse to let Civ.R. 60(B) serve as an emasculation of the pleading rules and time limits." *Griffey v. Rajan*, 33 Ohio St.3d 75, 79 (1987).

{¶ 21} K 2 claims it is entitled to relief under Civ.R. 60(B)(1), which permits a court to grant relief upon a showing of "mistake, inadvertence, surprise or excusable neglect." The Supreme Court of Ohio has defined the "elusive concept" of excusable neglect in the negative; a defendant's inaction "is not 'excusable neglect' if it can be labeled as a 'complete disregard for the judicial system.' " *Kay* at 20, quoting *GTE Automatic Elec.* at 153. A court must " 'take into consideration all the surrounding facts and circumstances' " to determine whether excusable neglect exists in each case. *Rose Chevrolet* at 21, quoting *Colley v. Bazell*, 64 Ohio St.2d 243, 249 (1980). If a "movant alleges inadvertence and excusable neglect as grounds for relief from judgment under Civ.R. 60(B)(1), but does not set forth

any operative facts to assist the trial court in determining whether such grounds exist, the court does not abuse its discretion in denying the motion for relief from judgment." *Id.*

**{¶ 22}** K 2 filed an affidavit from Elser, its General Manager, in support of its motion for relief from judgment. Elser explained that "normal procedure" was for Streeter, K 2's statutory agent, to forward legal documents to Elser by email and then to mail the original documents to KDK Mitsubishi, the name under which K 2 does business. (Elser Aff. at ¶ 3, attached to June 24, 2022 Mot. for Relief from Jgmt.) It was Elser's responsibility to forward legal complaints to the company's attorney. Elser admits that he received an email from Streeter, alerting him to Ellison's complaint, on March 27, 2022, but claims he did not receive a paper copy of the complaint. He states, "because I never received the paper copies of the complaint, and despite my usual practice, I neglected to forward the complaint to" K 2's attorney. *Id.* at ¶ 4. Elser's affidavit establishes that both Streeter (an attorney) and Elser knew of Ellison's lawsuit by March 27, 2022. The issue before us therefore resolves to whether, despite that knowledge, Elser's failure to forward the complaint to K 2's attorney for preparation of a defense amounts to excusable neglect.

**{¶ 23}** A party's failure to plead after receiving a copy of a complaint generally does not amount to excusable neglect. *Kormanik v. Haley*, 10th Dist. No. 12AP-18, 2012-Ohio-5975, ¶ 19, citing *LaSalle Natl. Bank v. Mesas*, 9th Dist. No. 02CA008028, 2002-Ohio-6117, ¶ 13. In some circumstances, however, relief from a default judgment may be warranted for excusable neglect when a corporate employee has failed to forward the summons and complaint that has been validly served on the corporation to the appropriate person in the corporate hierarchy. *Perry v. GMC*, 113 Ohio App.3d 318, 322 (10th Dist.1996), citing *Hopkins v. Quality Chevrolet, Inc.*, 79 Ohio App.3d 578, 582 (4th Dist.1992).

{¶ 24} This court has adopted a two-part test from *Hopkins* for determining whether internal corporate errors are excusable under Civ.R. 60(B)(1). *Kormanik* at ¶ 20. To demonstrate excusable neglect, the movant "must present circumstances ' "sufficient to show (1) that there is a set procedure to be followed in the corporate hierarchy for dealing with legal process, and (2) that such procedure was, inadvertently, not followed until such time as a default judgment had already been entered against the corporate defendant." ' " *Id.*, quoting *Perry* at 324, quoting *Hopkins* at 583. The Fourth District Court of Appeals addressed the concern that allowing relief in those circumstances would "provide a ready excuse" for any corporation that seeks to vacate a default judgment for any reason, stating that "sham use of this exception will be significantly reduced by requiring sworn affidavits with facts sufficient to demonstrate that the summons and complaint never reached the appropriate person in the corporate hierarchy." *Hopkins* at 582-83.

{¶ 25} The complaints in both *Perry* and *Hopkins,* although properly served on the corporations, never reached the appropriate person in each defendant's corporate hierarchy. *See Perry* at 324 (complaint did not reach in-house general counsel, whose duty it was to alert outside counsel); *Hopkins* at 583 (neither of the two persons charged with dealing with the corporation's legal matters—its President and its General Manager—was made aware of the case until after the default judgement had been entered). *Perry* and *Hopkins* are distinguishable from this case because, here, notice of Ellison's lawsuit *did* reach the appropriate person within the corporation. That person was Elser, who learned of the complaint from Streeter on March 27, 2022 but failed to act to safeguard K 2's ability to defend against Ellison's claims.

{¶ 26} The only fact K 2 has presented to justify that failure is that Elser never received a physical copy of the complaint from Streeter after he learned of Ellison's lawsuit.

In light of his knowledge of Ellison's lawsuit, Elser's failure to act is not excusable in the same way that a corporation's failure to act is excusable when the responsible corporate employee remains unaware that a case has been filed until after default judgment has been entered. *See Morgan Adhesives Co. v. Sonicor Instrument Corp.*, 107 Ohio App.3d 327, 335 (9th Dist.1995) (rejecting corporation's claim of excusable neglect where evidence established defendant's knowledge of the suit and of the consequences of its failure to participate).

{¶ 27} Both Streeter and Elser knew of Ellison's lawsuit before the time for filing an answer had passed. As an attorney, Streeter should have appreciated the limited time allowed for answering the complaint, and Elser was admittedly aware of his duty to forward legal complaints to K 2's outside counsel. From these facts, the trial court could reasonably conclude that Elser's reliance on the fact that he did not receive a physical copy of the complaint from Streeter did not excuse his failure to act. For these reasons, we conclude that the trial court did not abuse its discretion in determining that K 2 did not establish a right to relief from default judgment under Civ.R. 60(B)(1).

The trial court also found that K 2 failed to establish that it had a meritorious defense to Ellison's claims. "Meritorious," in this context, "refers to the substantive merits of the underlying claim." *Meyer v. Geyman*, 6th Dist. No. WD-07-018, 2007-Ohio-5474, ¶ 13. "[A] proffered defense is meritorious if it is not a sham and when, if true, it states a defense in part, or in whole, to the claims for relief set forth in the complaint." *Amzee Corp. v. Comerica Bank-Midwest*, 10th Dist. No. 01AP-465, 2002-Ohio-3084, ¶ 20, citing *The Pool Man, Inc. v. Rea*, 10th Dist. No. 95APG04-438, 1995 Ohio App. LEXIS 4577 (Oct. 17, 1995). To establish a right to relief from judgment under Civ.R. 60(B), a movant must do more than make a bare allegation that it has a meritorious defense to present if relief is granted.

*Miller v. Susa Partnership, L.P.*, 10th Dist. No. 07AP-702, 2008-Ohio-1111, ¶ 19, citing *Bright v. Family Medicine Found., Inc.*, 10th Dist. No. 05AP-835, 2006-Ohio-5037, ¶ 22. A movant need not prove that it would prevail on its defense, but the movant "must allege supporting operative facts with enough specificity to allow the court to decide that the movant has a defense that he could have successfully argued at trial." *Mattingly v. Deveaux*, 10th Dist. No. 03AP-793, 2004-Ohio-2506, ¶ 10. Other than the conclusory statements that it has "no legal liability for the vehicle in question" and that it "sold the vehicle * * * in an "As Is" condition and did not fail to disclose any known defects," K 2 asserted only procedural defenses—that Ellison filed his complaint in an improper jurisdiction and that any dispute between the parties is governed by an arbitration agreement. (June 24, 2022 Mot. For Relief from Jgmt. at 3, 5.)

{¶ 28} Neither K 2's bare denial of liability nor its bare denial that it failed to disclose known defects with the vehicle is sufficient to demonstrate the existence of a meritorious defense. Nor do K 2 and Elser's statements that K 2 sold the vehicle "as is" suffice to establish a meritorious defense. K 2 offers no argument why an "as is" provision in its contract would create a defense to Ellison's tort claim of fraud or claim for statutory violations of the CSPA. While an "as is" clause relieves a seller of a duty to disclose, it "does not bar a claim for 'positive' fraud, a fraud of commission rather than omission." *Brewer v. Bros.*, 82 Ohio App.3d 148, 151 (12th Dist.1992). And several Ohio courts have expressly concluded that an "as is" or "no warranty" clause in a contract does *not* provide a defense to a claim for a violation of the CSPA. *Hamilton v. Ball*, 4th Dist. No. 13CA3533, 2014-Ohio-1118, ¶ 47 ("While an 'as is' clause may be effective in defending a breach of contract or warranty claim, it does not have a similar effect on CSPA claims, which are a creature of statutory law"); *Keel v. Toledo Harley-Davidson/Buell*, 184 Ohio App.3d 348, 2009-Ohio-

5190, ¶ 17 (6th Dist.) ("Violations of the CSPA are enumerated by the act, and any disclaimer of a warranty is ineffective against a claim based on an enumerated violation"); *Gallagher v. WMK Inc.*, 9th Dist. No. 23564, 2007-Ohio-6615, ¶ 24; *contra Tisdale v. Direct Detail*, 8th Dist. No. 97503, 2012-Ohio-3252 (holding that a disclaimer of warranties precluded a consumer from asserting a CSPA claim based on undisclosed defects).

{¶ 29} We turn now to Ellison's procedural arguments regarding improper venue and the existence of an arbitration agreement and conclude that neither constitutes a meritorious defense for purposes of Civ.R. 60(B).

{¶ 30} K 2 asserts that the trial court lacked jurisdiction over Ellison's claims because the sale out of which those claims arose occurred in Medina County. Although K 2 raises this issue as one of jurisdiction, it is instead one of venue. Venue and jurisdiction are distinct legal concepts. " 'Jurisdiction connotes the power to hear and decide a case on its merits, while venue connotes locality, the place where the suit should be heard.' " *State ex rel. Dunbar v. Ham*, 45 Ohio St.2d 112, 115 (1976), quoting *The New York, Chicago, and St. Louis RR. Co. v. Matzinger*, 136 Ohio St. 271, 276 (1940).

{¶ 31} Ohio's common pleas courts have "original jurisdiction over all justiciable matters and such powers of review of proceedings of administrative officers and agencies as may be provided by law." Article IV, Section 4(B), Ohio Constitution. A common pleas court's subject-matter jurisdiction "extends to 'all matters at law and in equity that are not denied to it.' " *Bank of Am., N.A. v. Kuchta*, 141 Ohio St.3d 75, 2014-Ohio-4275, ¶ 20, quoting *Saxton v. Seiberling*, 48 Ohio St. 554, 558-59 (1891). K 2's argument is not that the trial court lacked subject-matter jurisdiction, but that the matter should have been adjudicated in Summit County, where the vehicle sale occurred. That is actually an argument about venue.

{¶ 32} Venue is a procedural matter. *Morrison v. Steiner*, 32 Ohio St.2d 86, 88 (1972). Civ.R. 3(C) sets out counties in which "[p]roper venue lies," but it also states, "Any action may be venued, commenced, and decided *in any court in any county*." (Emphasis added.) The 1970 Staff Note to Civ.R. 3 recognizes that "any action may be commenced and decided in any court that has jurisdiction of the subject matter." Improper venue does not deprive a court of jurisdiction to hear an action. *Cheap Escape Co. v. Haddox, LLC*, 10th Dist. No. 06AP-1107, 2007-Ohio-4410, ¶ 11, citing *State ex rel. Florence v. Zitter*, 106 Ohio St.3d 87, 2005-Ohio-3804, ¶ 23. "Rather, the question of venue is one of convenience and asks in which court, among all of those with jurisdiction, to best bring a claim." *Id.*, citing *State v. Kremer*, 3d Dist. No. 15-05-05, 2006-Ohio-736, ¶ 6.

{¶ 33} In conjunction with Civ.R. 12(B), Civ.R. 3(D)(1) creates a mechanism for a defendant to raise the defense of improper venue and to have the action transferred to a county that is described as proper under Civ.R. 3(C). Civ.R. 3 makes clear that its provisions "are not jurisdictional" and that a judgment is not subject to collateral attack[5] "solely on the ground that there was improper venue." Civ.R. 3(H). If a defendant does not raise the defense of improper venue in a responsive pleading or in a motion under Civ.R. 12(B) and (G), the defendant waives the defense, and the court in which the action was filed will retain it. *State ex rel. Mun. Constr. Equip. Operators' Labor Council v. Ohio State Emp. Relations. Bd.*, 10th Dist. No. 15AP-471, 2015-Ohio-5001; 1970 Staff Note to Civ.R. 3. Here, K 2 effectively waived its improper venue claim by not raising it in a responsive pleading or motion.

---

[5] A Civ.R. 60(B) motion for relief from judgment is a collateral attack on the judgment. *Miley v. STS Sys.*, 153 Ohio App.3d 752, 2003-Ohio-4409, ¶ 7 (10th Dist.), citing *In re Miller*, 33 Ohio App.3d 224, 227 (8th Dist.1986).

{¶ 34} Nonetheless, even assuming K 2 had valid grounds for moving the trial court to transfer this matter to Summit County pursuant to Civ.R. 3(D), the question of venue relates only to the place where Ellison's claims should have been heard, not to the merits of those claims. It therefore does not constitute a meritorious defense to Ellison's claims under Civ.R. 60(B).

{¶ 35} Finally, K 2 argues that the trial court lacked jurisdiction over Ellison's complaint because the parties' contract contained a mandatory arbitration clause. The copy of the purchase contract attached to Ellison's complaint confirms the existence of an arbitration agreement, but not K 2's contention that the agreement called for *mandatory* arbitration. The agreement states, "Any claim or dispute * * * between you and us * * * which arises out of or relates to your * * * purchase or condition of this vehicle * * * shall, *at your or our election*, be resolved by neutral, binding arbitration and not by a court action." (Emphasis added.) (Dec. 22, 2021 Compl., Ex. A at 8.) Elsewhere, it states, "EITHER YOU OR WE MAY CHOOSE TO HAVE ANY DISPUTE BETWEEN US DECIDED BY ARBITRATION." (Emphasis sic.) *Id.* By its plain language, the arbitration agreement afforded the parties the opportunity to resolve disputes by arbitration, but it did not require them to do so. Rather, to invoke the arbitration agreement, one party would have to "elect" or "choose" to submit a dispute to arbitration. *Id.* By filing his complaint with the trial court, Ellison chose not to invoke the arbitration provision, and by not timely responding to Ellison's complaint, K 2 failed to elect to have Ellison's claims resolved by arbitration.

{¶ 36} A failure to appear not only admits liability but also waives defenses to the allegations in the complaint, so the failure to act to preserve the opportunity to arbitrate waives the contractual right to demand arbitration. *Baumann v. Purchase Plus Buyer's Group, Inc.*, 10th Dist. No. 01AP-297, 2001 Ohio App. LEXIS 5266, *12 (Nov. 29, 2001).

"If defendants received proper service of process, their failure to take any action prior to judgment to enforce the arbitration clause in the contract at issue is a waiver of the right to arbitration." *Id.* Applying that rationale here, K 2 waived the right to demand arbitration by not asserting it prior to the entry of judgment. Moreover, the agreement for non-mandatory arbitration does not constitute a meritorious defense for purposes of Civ.R. 60(B) because it does not address the merits of Ellison's claims. Like venue, it impacts only where Ellison's claims would be heard, not the merits of those clams. *See Gary R. Gorby & Assocs., L.L.C. v. McCarty*, 2d Dist. No. 2010 CA 71, 2011-Ohio-1983, ¶ 53 (rejecting argument that right to arbitration under an asset-purchase agreement was a meritorious defense.)

{¶ 37} For these reasons, we conclude that the trial court did not abuse its discretion in denying K 2's motion for relief from judgment.

## III. CONCLUSION

{¶ 38} Having rejected each of K 2's arguments, we affirm the judgment of the Franklin County Court Common Pleas.

*Judgment affirmed.*

JAMISON and LELAND, JJ., concur.